IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Arnulfo Fonseca, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-435-MJR-PMF |
| | ) | |
| Charles David Nelson, Individually and in | ) | |
| his official capacity as State's Attorney for | ) | |
| Saline County, Keith Brown, Individually | ) | |
| and in his capacity as Sheriff of Saline | ) | |
| County; Ken Clore; Mark LeVaughn; | ) | |
| Randy Butler; Mike Jones; Brad Neal; | ) | |
| David Blazier; Todd Fort; Steve Sloan; | ) | |
| Mona Nelson; all individually, Saline | ) | |
| County, Illinois; Saline County Sheriff's | ) | |
| Office; State's Attorney's Office of Saline | ) | |
| County; and Village of Carrier Mills | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF VILLAGE OF CARRIER MILLS

COMES NOW the defendant the Village of Carrier Mills, Illinois by its attorneys James C. Cook and Leslie G. Offergeld of Walker and Williams, P.C. filing this Answer with Affirmative Defenses and Jury Demand in response to plaintiff's Complaint:

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      Defendant denies the allegations set forth in Paragraph 2.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.      Defendant admits the allegations set forth in Paragraph 4.

5.      Defendant admits the allegations set forth in Paragraph 5.

6.      Defendant admits the allegations set forth in Paragraph 6.

7.      Defendant admits the allegations set forth in Paragraph 7.

8.      Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.      Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

## COUNT I

1.      Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      Defendant denies the allegations set forth in Paragraph 2.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.      Defendant admits the allegations set forth in Paragraph 4.

5.      Defendant admits the allegations set forth in Paragraph 5.

6.      Defendant admits the allegations set forth in Paragraph 6.

7.      Defendant admits the allegations set forth in Paragraph 7.

8.     Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.     Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.     Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.     Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.     Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.    Defendant denies the allegations set forth in Paragraph 31.

32.    Defendant denies the allegations set forth in Paragraph 32.

33.    Defendant denies the allegations set forth in Paragraph 33.

34.    Defendant denies the allegations set forth in Paragraph 34.

35.    Defendant denies the allegations set forth in Paragraph 35.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count I and at plaintiff's own costs of suit.

## COUNT II

1.    Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    Defendant denies the allegations set forth in Paragraph 2.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.    Defendant admits the allegations set forth in Paragraph 4.

5.    Defendant admits the allegations set forth in Paragraph 5.

6.    Defendant admits the allegations set forth in Paragraph 6.

7.    Defendant admits the allegations set forth in Paragraph 7.

8.    Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.    Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.    Defendant admits the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations set forth in Paragraph 11.

12.    Defendant admits the allegations set forth in Paragraph 12.

13.    Defendant admits the allegations set forth in Paragraph 13.

14.    Defendant admits the allegations set forth in Paragraph 14.

15.    Defendant admits the allegations set forth in Paragraph 15.

16.    Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.    Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a). Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.     Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

34.     Defendant denies the allegations set forth in Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count II and at plaintiff's own costs.

## COUNT III

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Defendant denies the allegations set forth in Paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.     Defendant admits the allegations set forth in Paragraph 4.

5.     Defendant admits the allegations set forth in Paragraph 5.

6.     Defendant admits the allegations set forth in Paragraph 6.

7.     Defendant admits the allegations set forth in Paragraph 7.

8.     Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.     Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.    Defendant admits the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations set forth in Paragraph 11.

12.    Defendant admits the allegations set forth in Paragraph 12.

13.    Defendant admits the allegations set forth in Paragraph 13.

14.    Defendant admits the allegations set forth in Paragraph 14.

15.    Defendant admits the allegations set forth in Paragraph 15.

16.    Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.    Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count III and at plaintiff's own costs.

## COUNT IV

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Defendant denies the allegations set forth in Paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.     Defendant admits the allegations set forth in Paragraph 4.

5.     Defendant admits the allegations set forth in Paragraph 5.

6.     Defendant admits the allegations set forth in Paragraph 6.

7.     Defendant admits the allegations set forth in Paragraph 7.

8.    Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.    Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.    Defendant admits the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations set forth in Paragraph 11.

12.    Defendant admits the allegations set forth in Paragraph 12.

13.    Defendant admits the allegations set forth in Paragraph 13.

14.    Defendant admits the allegations set forth in Paragraph 14.

15.    Defendant admits the allegations set forth in Paragraph 15.

16.    Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.    Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.    Defendant denies the allegations set forth in Paragraph 31.

32.    Defendant denies the allegations set forth in Paragraph 32.

33.    Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count IV and at plaintiff's own costs.

## COUNT V

1.    Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    Defendant denies the allegations set forth in Paragraph 2.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.    Defendant admits the allegations set forth in Paragraph 4.

5.    Defendant admits the allegations set forth in Paragraph 5.

6.    Defendant admits the allegations set forth in Paragraph 6.

7.    Defendant admits the allegations set forth in Paragraph 7.

8.     Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.     Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.     Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.     Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.   Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.    Defendant denies the allegations set forth in Paragraph 31.

32.    Defendant denies the allegations set forth in Paragraph 32.

33.    Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count V and at plaintiff's own costs.

## COUNT VI

1.    Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    Defendant denies the allegations set forth in Paragraph 2.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.    Defendant admits the allegations set forth in Paragraph 4.

5.    Defendant admits the allegations set forth in Paragraph 5.

6.    Defendant admits the allegations set forth in Paragraph 6.

7.    Defendant admits the allegations set forth in Paragraph 7.

8.      Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.      Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.     Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.     Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.   Defendant denies the allegations set forth in Paragraph 31.

32.   Defendant denies the allegations set forth in Paragraph 32.

33.   Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count VI and at plaintiff's own costs.

## COUNT VII

1.   Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.   Defendant denies the allegations set forth in Paragraph 2.

3.   Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.   Defendant admits the allegations set forth in Paragraph 4.

5.   Defendant admits the allegations set forth in Paragraph 5.

6.   Defendant admits the allegations set forth in Paragraph 6.

7.   Defendant admits the allegations set forth in Paragraph 7.

8.   Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.   Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.   Defendant admits the allegations set forth in Paragraph 10.

11.   Defendant admits the allegations set forth in Paragraph 11.

12.   Defendant admits the allegations set forth in Paragraph 12.

13.   Defendant admits the allegations set forth in Paragraph 13.

14.   Defendant admits the allegations set forth in Paragraph 14.

15.   Defendant admits the allegations set forth in Paragraph 15.

16.   Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.   Defendant admits the allegations set forth in Paragraph 17.

18.   Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.   Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31, including subparagraphs a, b, c, d, e and f thereof.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count VII and at plaintiff's own costs.

## COUNT VIII

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Defendant denies the allegations set forth in Paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.     Defendant admits the allegations set forth in Paragraph 4.

5.     Defendant admits the allegations set forth in Paragraph 5.

6.     Defendant admits the allegations set forth in Paragraph 6.

7.     Defendant admits the allegations set forth in Paragraph 7.

8.    Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.    Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.    Defendant admits the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations set forth in Paragraph 11.

12.    Defendant admits the allegations set forth in Paragraph 12.

13.    Defendant admits the allegations set forth in Paragraph 13.

14.    Defendant admits the allegations set forth in Paragraph 14.

15.    Defendant admits the allegations set forth in Paragraph 15.

16.    Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.    Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.     Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

34.     Defendant denies the allegations set forth in Paragraph 34.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count VIII and at plaintiff's own costs.

## COUNT IX

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Defendant denies the allegations set forth in Paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.     Defendant admits the allegations set forth in Paragraph 4.

5.     Defendant admits the allegations set forth in Paragraph 5.

6.     Defendant admits the allegations set forth in Paragraph 6.

7.     Defendant admits the allegations set forth in Paragraph 7.

8.      Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.      Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.     Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.     Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.     Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

34.     Defendant denies the allegations set forth in Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count IX and at plaintiff's own costs.

## COUNT X

1.     Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     Defendant denies the allegations set forth in Paragraph 2.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.     Defendant admits the allegations set forth in Paragraph 4.

5.     Defendant admits the allegations set forth in Paragraph 5.

6.     Defendant admits the allegations set forth in Paragraph 6.

7.     Defendant admits the allegations set forth in Paragraph 7.

8.     Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.     Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.    Defendant admits the allegations set forth in Paragraph 10.

11.    Defendant admits the allegations set forth in Paragraph 11.

12.    Defendant admits the allegations set forth in Paragraph 12.

13.    Defendant admits the allegations set forth in Paragraph 13.

14.    Defendant admits the allegations set forth in Paragraph 14.

15.    Defendant admits the allegations set forth in Paragraph 15.

16.    Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.    Defendant admits the allegations set forth in Paragraph 17.

18.    Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.    Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.     Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.    Defendant denies the allegations set forth in Paragraph 31.

32.    Defendant denies the allegations set forth in Paragraph 32.

33.    Defendant denies the allegations set forth in Paragraph 33.

34.    Defendant denies the allegations set forth in Paragraph 34.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count X and at plaintiff's own costs.

## COUNT XI

1.    Defendant admits plaintiff's claim is brought pursuant to 42 USC §1983, the U.S. Constitution, the laws of the State of Illinois and the Illinois Constitution, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    Defendant denies the allegations set forth in Paragraph 2.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4.    Defendant admits the allegations set forth in Paragraph 4.

5.    Defendant admits the allegations set forth in Paragraph 5.

6.    Defendant admits the allegations set forth in Paragraph 6.

7.    Defendant admits the allegations set forth in Paragraph 7.

8.      Defendant admits that the County of Saline is a local public entity or governmental entity established under the laws of the State of Illinois, but denies the remaining allegations set forth in Paragraph 8.

9.      Defendant admits that the Village of Carrier Mills is a local public entity established under the laws of the State of Illinois, but denies it is a necessary party.

10.     Defendant admits the allegations set forth in Paragraph 10.

11.     Defendant admits the allegations set forth in Paragraph 11.

12.     Defendant admits the allegations set forth in Paragraph 12.

13.     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations set forth in Paragraph 15.

16.     Defendant admits Steve Sloan is and has been a Deputy Sheriff with the Saline County Sheriff's Office and has been employed as a Patrol Officer in the Carrier Mills Police Department.

17.     Defendant admits the allegations set forth in Paragraph 17.

18.     Defendant admits that this Court has subject matter jurisdiction founded on a federal question under 28 USC §1331 and founded on a civil rights claim under 28 USC §1343(a), and supplemental jurisdiction over state law claims under 28 USC §1367(a).  Defendant denies the other allegations set forth in Paragraph 18.

19.     Defendant admits that this Court is a proper venue under 28 USC §1391(b). Defendant denies the other allegations set forth in Paragraph 19.

20.    Defendant denies plaintiff has been personally harmed by actions of the defendants or alleged actions of the defendants, and denies the other allegations set forth in Paragraph 20.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 21.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 23, including subparagraphs 1 and 2 thereof.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 28.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

WHEREFORE, Defendant Village of Carrier Mills prays judgment in bar of Count XI and at plaintiff's own costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Malicious prosecution is not a federal constitutional tort so long as the State provides a remedy, as is the case under Illinois law, and is evident here where plaintiff has alleged a State law claim for malicious prosecution in Count VI. (See Newsome v. McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001); Bontkowski v. Smith, 305 F.3d 757, 760 (7th Cir. 2002).)

### THIRD AFFIRMATIVE DEFENSE

The Village of Carrier Mills is not obliged by §9-102 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-102) to indemnify any Village employee, nor does it owe a duty to indemnify any

Village employee until that employee is found liable for conduct undertaken in the scope of his employment, nor does §8-102 give plaintiff a right of action against the Village.

## FOURTH AFFIRMATIVE DEFENSE

The Village of Carrier Mills is not liable under 42 USC §1983 on a *respondeat superior* basis.  (See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Estate of Sims v. County of Bureau, 506 F.3d 509, 514-15 (7th Cir. 2007).)

## FIFTH AFFIRMATIVE DEFENSE

The Village of Carrier Mills is not liable to plaintiff under 42 USC §1983 for alleged constitutional deprivations, as (1) it has not acted pursuant to an "official policy" of the municipality (see Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986); Sims v. Mulcahy, 902 F.2d 524, 541 (7th Cir. 1990); Tapia v. City of Greenwood, 965 F.2d 336, 338 (7th Cir. 1992)) and (2) there is no direct causal link between a municipal policy of the Village and the constitutional deprivation of which plaintiff complains.  (City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 826 (1985).)   "[P]roof of a single incident of [alleged] unconstitutional activity is not sufficient to impose liability" under Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978) unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributable to a municipal policymaker. (Tapia, 965 F.2d at 338.)

## SIXTH AFFIRMATIVE DEFENSE

The Village of Carrier Mills may not be held liable on plaintiff's supplemental state law claims for attorney fees and costs.  (745 ILCS 10/9-102; <u>Yang v. City of Chicago</u>, 195 Ill.2d 96, 253 Ill.Dec. 418, 745 N.E.2d 541 (2001).)

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims against the Village of Carrier Mills are barred by the discretionary immunity and law enforcement immunities afforded by §2-201, §2-202, §2-205, §2-208 and §2-109 (which incorporates §2-201 §2-202, §2-205 and §2-208) of the Local Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/2-109, 10/2-201, 10/2-202, 10/2-205, 10/2-208.)

## EIGHTH AFFIRMATIVE DEFENSE

The Village of Carrier Mills cannot be liable under Illinois law on a theory of *respondeat superior* liability.  (See 745 ILCS 10/2-102 (no liability for punitive or exemplary damages), 10/2-109 (local public entity not liable for act or omission of employee where employee is not liable), 10/2-204 (public employee not liable for injury or damage caused by act or omission of another person) 10/2-208 (public employee not liable for prosecuting or initiating judicial proceeding unless he acts maliciously and without probable cause).)

## NINTH AFFIRMATIVE DEFENSE

Illinois law does not recognize a cause of action for money damages based on alleged violations of the 1970 Illinois Constitution.

## TENTH AFFIRMATIVE DEFENSE

The Village of Carrier Mills cannot be liable for a civil conspiracy because it did not enter into any agreement for an illegal purpose or to injure or damage plaintiff and did not commit an act in furtherance of an agreement for an illegal purpose or to injure or damage plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred for one or more of the following reasons:

(a)   Imposition of punitive damages in this case would constitute an excessive fine in violation of the 8th Amendment to the United States Constitution and Article I, §11 of the Illinois Constitution.

(b)   An award of punitive damages in this case is barred by the 8th Amendment to the United States Constitution and Article I, §11 of the Illinois Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Illinois law, a portion of punitive damages awards may be paid to the State of Illinois, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case.

(c)   An award of punitive damages in this case is barred by the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution and Article I, §2 of the Illinois Constitution, because the standards and procedures for determining and reviewing such awards

under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

(d)     An award of punitive damages in this case is barred by the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution and Article I, §2 of the Illinois Constitution, because there are no realistic standards or limits imposed on the amount of punitive damages which may be awarded.

(e)     An award of punitive damages in this case is barred by the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution and Article I, §2 of the Illinois Constitution, because the vague standards employed in punitive damages cases result in extremely disparate results among similar defendants accused of similar conduct.

(f)     An award of punitive damages in this case would violate the 14th Amendment's Due Process requirements and the three "guideposts" of BMW of North America, Inc. v. Gore, 517 U.S. 559, 574-75 (1996) and State Farm Mutual Auto. Insur. Co. v. Campbell, 528 U.S. 408, 425 which require evaluation of the (1) degree of reprehensibility of a defendant's conduct; (2) the relationship of the punitive to the compensatory aspect of a damages award, and (3) the level of sanctions imposed in other cases for similar conduct.   Applying those "guideposts" in this case, plaintiffs' punitive damage claim does not arise from alleged reprehensible conduct of any defendant or have a relationship to plaintiffs' compensatory damage claim. Plaintiff is really asking that the Court sanction a punitive damage claim that has no relationship to allegedly deliberate, malicious, willful and wanton or similar conduct and such a punitive damage award cannot satisfy due process or the BMW/State Farm "guideposts," but instead is based on conduct that is not reprehensible or related to plaintiffs' claim for compensatory damages. (See also Exxon Shipping Co. v. Baker, 128 S.Ct. 2605 (2008).)

(g)     An award of punitive damages on plaintiff's state law claims would violate the prohibition on punitive damages contained in §2-102 and §2-213 of the Local Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/2-102, 10/2-213.)

THE VILLAGE OF CARRIER MILLS, ILLINOIS
DEMANDS TRIAL BY JURY IN THIS CAUSE

THE VILLAGE OF CARRIER MILLS, ILLINOIS

By: _____

James C. Cook, No. 00508373
Leslie G. Offergeld, No. 06196737
Walker & Williams, P.C.
4343 West Main Street
Belleville, Illinois  62226
(618)277-1000
Fax (618)233-1637
jcc@wawpc.net
lgo@wawpc.net

## PROOF OF SERVICE

I hereby certify that on August 28, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. John P. Cranley
#2 Butternut Lane
Glen Carbon, Illinois 62034
jcranley@actionlawcenter.com

Mr. Joseph A. Bleyer
Bleyer and Bleyer
601 West Jackson Street
P. O. Box 487
Marion, Illinois 62959-0487
jableyer@bleyerlaw.com

Ms. Karen L. McNaught
Illinois Attorney General
500 S. Second Street
Springfield, Illinois  62706
 E-mail: Karen L. McNaught

_____