## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARNULFO FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 08-435-MJR-PMF** |
| | ) | |
| CHARLES DAVID NELSON, Individually, and | ) | |
| in his official capacity as State's Attorney for | ) | |
| Saline county, KEITH BROWN, Individually, and | ) | |
| in his capacity as Sheriff of Saline County, KEN | ) | |
| CLORE, MARK LEVAUGHN, RANDY BUTLER, | ) | |
| MIKE JONES, BRAD NEAL, DAVID BLAZIER, | ) | |
| TODD FORT, STEVE SLOAN, MONA NELSON, | ) | |
| All Individually, SALINE COUNTY, SHERIFF'S | ) | |
| OFFICE OF SALINE COUNTY, STATE'S | ) | |
| ATTORNEY'S OFFICE OF SALINE COUNTY, and | ) | |
| VILLAGE OF CARRIER MILLS, | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTION AND RESPONSE TO
## PLAINTIFF'S MOTION FOR COSTS AND FEES

NOW COMES defendant, MARK LEVAUGHN, by his attorneys WINTERS, BREWSTER, CROSBY and SCHAFER LLC, and for its Objection and Response to Plaintiff's Motion for Costs and Fees and states as follows:

1.       Attached is a chart reflecting the attorney's fees Plaintiff contends were needed to perfect a default and prepare for prove up of default judgment against defendant Mark LeVaughn M.D. The chart sets out the total attorney hours for each time entry, the total consists of the time of both John Cranley and Timothy Kalinowski. Time submitted by attorney Timothy Kalinowski is noted in parenthesis below the total hours billed, i.e. (1.00 TK).

2.       It should be noted initially that Plaintiff's addition is in error.  Plaintiff apparently included the time entry for 10/7/08 of 1.00 and 11/20/08 for 1.50 hours both of which appear to

be unrelated to the Dr. LeVaughn default.  The sum of actual hours referencing Dr. Le Vaughn submitted in Mr. Cranley's billing statement is 23.5 hours, not 26 hours.

      3.     The parties were directed by the Court to come to agreement on the amount of attorney's fees that were necessarily expended to obtain the default.  Some of the time in the summary reflects efforts to obtain personal jurisdiction through service on Dr. LeVaughn.  As attorney's fees related to service would have been incurred whether Dr. LeVaughn timely appeared, they should not be recoverable in relation to the time spent to obtain a default but should be awarded, if Plaintiff prevails, as part of the taxable judgment costs. See: Rule 54(d) FRCP; 28 USC §1920; S.D. Ill. Local Rule 54.2.

      4.     The fees sought are excessive for the work described, however, the description of the work is not adequate to make an accurate assessment of the work done in relation to the default.  It is the duty of the attorney seeking fees to present adequate description of the work. The failure to present detailed time records allows the Court to disregard the deficient entries.  As the Seventh Circuit has admonished:

> "Nevertheless, it remains the burden of the plaintiff to establish the reasonable number of hours for the proper presentation of her case.  The billing records must be sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or otherwise unnecessary.  See *Blum v. Stenson*, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11.  The court therefore may eliminate hours that are not documented in sufficient detail. *Catherine L. Tomazzoli v. Michael Sheedy and Christian County, Illinois,* 804 F.2d 93 (7th Cir. 1986 ).

The billing statement is lacking in particularity.  This deficiency makes it difficult to

address the time reflected for vague task. What for example does "Prepare default documents" on 10/7/08 mean?  Surely, 2.50 hours were not expended generating the form Motion to Default. But if the Motion was the "default documents," what explains an additional 2.50 hour review of the same document, 1 hour by co-counsel.  There is no detail that explains why two attorneys were needed for any of the ministerial tasks described and involved in obtaining a default. Why did it take 1.50 hours to electronically file a document on 11/05/08, or a .50 hours to review an entry of appearance?

The other entries not only lack specificity but lump together tasks outside of the default (See entries: 11/06/08, 12/17/08). Bundling tasks into a single time entry is not permitted:

"But when the time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on each particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required....The Seventh Circuit has made it very clear that a fee applicant must show the time spent on specific tasks rather than simply the total time spent on a bundle of tasks. " *Bretford Manufacturing, Inc. v. Smith System Manufacturing Company*, 421 F. Supp.2d 1117 (N.D. Ill., 2006). In *Tomazzolie v. Sheedy*, 804 F.2d 93 (7th Cir. 1986)...that may of the time entries gave only vague descriptions of legal research done and "[f]urther the total numbers of hours attributable to research alone is uncertain; in some instances [the attorney] lists 'research' along with other tasks performed and gives but a single total for the combined work." *Id*. At 98.  Other courts have made similar observations.  See, e.g., *Robinson v. City of Edmont*, 160 F.3d 1275, 1281 (10th Cir.1998) ("[A] district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records; that reveal 'all hours for which compensation is requested

and how those hours were allotted to specific tasks.'"); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.Cir.2004)(commenting that when time records "lump together multiple tasks," it is "impossible to evaluate there reasonableness"); *Kaiser v. MEPC Am. Props., Inc.*, 164 Ill. App. 3d 978, 115 Ill. Dec. 899, 518 N.E.2d 424, 429-30 (1987).

Mr. Cranley's statement lacks particularity, lumps together multiple tasks in a single time entry and contains time billed by two attorneys for the same work without explanation; as such the statement provides no guidance to the Court and make an award in the amount requested. The Court should discount the amount sought.

| DATE | SERVICES RENDERED | CLAIMED HOURS | OTHER HOURS | LEVAUGHN HOURS |
|------|-------------------|---------------|-------------|----------------|
| 08/06/08 | Prepare Summons on LeVaughn and find process server in KY | 1.75 | | |
| 10/07/08 | Prepare default documents against LeVaughn | 2.50 | | |
| 10/17/08 | Final Review and file of Entry of Default | 2.50 (1.00 TK) | | |
| 10/20/08 | Receive Clerk's Entry of Default - calendar f/u | 0.50 | | |
| 11/04/08 | Go through documents in file prepare Judgment of default | 3.00 (2.00 TK) | | |
| 11/05/08 | File Judgment of default | 1.50 | | |
| 11/06/08 | Address issues raised in Court's Memorandum and Order; Affidavit from Anderson; draft letter to Arnold Fonseca | 1.00 | | |
| 11/20/08 | File Affidavit of return of service Anderson | 0.50 | | |
| 12/01/08 | Receive entry on behalf of LeVaughn review rules | 0.50 | | |

| DATE | SERVICES RENDERED | CLAIMED HOURS | OTHER HOURS | LEVAUGHN HOURS |
|------|-------------------|---------------|-------------|----------------|
| 12/13/08 | Meet with AF go over damages affidavit for default hearing | 1.50 | | |
| 12/16/08 | Receive Motion to Set Aside Default Judgment; Receive Notice from Court re Resetting of Hearing; research Rule 55 standards; receive call from Tom Crosby; Confirm we will object | 1.00 | | |
| 12/17/08 | Prepare for Rule 55 Hearing discuss various issues related to default. Receipt of discovery from Nelson, enter into system, review written docs, draft letter to McNaught on failure to comply with Local Rule 33.1 and | 4.00 (2.00 TK) | | |
| 12/18/08 | Prepare for Hearing | 3.00 (1.50 TK) | | |
| 12/19/08 | Hearing | 0.25 | | |
| | **TOTAL HOURS** | **23.50** | | |

WHEREFORE, Defendant, MARK LEVAUGHN, respectfully requests that this

honorable Court significantly discount the amount sought by Plaintiff for attorney's fees.

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY: /s/ Thomas F. Crosby
    Thomas F. Crosby
    Attorneys for Defendant Mark LeVaughn
    ARDC No.  3128836

WINTERS, BREWSTER, CROSBY and SCHAFER LLC
Attorneys at Law
111 West Main, P.O. Box 700
Marion, IL 62959
Phone: (618)997-5611
Fax: (618)997-6522

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the above and foregoing instrument was mailed

electronically filed on March 23, 2009 with the Clerk of the Court using the CM/ECF System

which will send notification of such filing to the following:

Mr. Joseph A.  Bleyer                         Ms. Karen McNaught
Attorney at Law                               Assistant Attorney General
Bleyer & Bleyer                               Office of the Attorney General
601 West Jackson                              500 South Second Street
PO Box 487                                    Springfield, IL 62706
Marion, IL 62959

Mr. James Cook                                Mr. John P.  Cranley
Walker & Williams, P.C.                       #2 Butternut Lane at Highway 157
4343 West Main                                Glen Carbon, IL 62034
Belleville, IL 62223


Dated this 23rd day of March, 2009_____

_____       /s/ Thomas F. Crosby

WINTERS, BREWSTER, CROSBY and SCHAFER, LLC
Attorneys at Law
111 West Main, P.O. Box 700
Marion, IL 62959
Phone: (618)997-5611
Fax: (618)997-6522