IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARNULFO FONSECA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-0435-MJR-PMF |
| | ) | |
| **CHARLES DAVID NELSON,** | ) | |
| Individually, and in his official capacity | ) | |
| as State's Attorney for Saline County, | ) | |
| **KEITH BROWN,** Individually and in | ) | |
| his capacity as Sheriff of Saline County, | ) | |
| **KEN CLORE, MARK LEVAUGHN,** | ) | |
| **RANDY BUTLER, MIKE JONES,** | ) | |
| **BRAD NEAL, DAVID BLAZIER,** | ) | |
| **TODD FORT, STEVE SLOAN,** | ) | |
| **MONA NELSON, SALINE COUNTY,** | ) | |
| **SHERIFF'S OFFICE OF SALINE** | ) | |
| **COUNTY, STATE'S ATTORNEY'S** | ) | |
| **OFFICE OF SALINE COUNTY,** and | ) | |
| **VILLAGE OF CARRIER MILLS,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

On June 12, 2008, Fonseca filed this action alleging causes of action under federal and Illinois state law (Doc. 2). Fonseca's claims relate to his April 2008 Illinois state murder trial, in which a jury found him not guilty. Fonseca's complaint included nine counts against Defendant Charles David Nelson, the State's Attorney who charged and prosecuted him. In Counts 1 through 5, each brought under 42 U.S.C. § 1983, Fonseca alleged that Nelson violated his Fourth Amendment rights by assisting in his false arrest (Count 1) and violated his Fourteenth Amendment due process rights by assisting in a malicious prosecution (Count 2), fabricating evidence (Count 3), prosecuting Fonseca without probable cause (Count 4), and interfering with Fonseca's right to

interstate travel (Count 5). As for Fonseca's Illinois tort claims, he alleged that Nelson carried out a malicious prosecution (Count 6), intentionally inflicted emotional distress (Count 7), defamed him in the press (Count 8), and conspired with others to "convict him of charges that are unsupported by the evidence" (Doc. 2, Ct. 9, ¶ 31).[1]

On August 25, 2008, Nelson filed a motion to dismiss under Rule 12(b)(6) (Doc. 33). On January 12, 2009, the Court dismissed the claims against Nelson in Counts 1, 2, 4, 5, 6, and 9 after finding that Nelson is entitled to absolute prosecutorial immunity (Doc. 76). The Court also found that Nelson is entitled to absolute prosecutorial immunity for at least some, but not all, of the conduct alleged in Counts 3 and 7. Specifically, the Court found that Nelson is not immune from liability as to the allegations in Counts 3 and 7 that he lied under oath and made defamatory statements in the media. Additionally, the Court found that Nelson is not entitled to absolute prosecutorial immunity at all with respect to the allegations in Count 8. Furthermore, the Court dismissed all remaining official capacity claims against Nelson in Counts 3, 7, and 8, as those claims are barred by the Eleventh Amendment. The remaining individual capacity claim in Count 3 was dismissed because Fonseca failed to adequately plead causation. Accordingly, Fonseca's only remaining claims against Nelson are Count 7's allegation that he intentionally inflicted emotional distress by (a) making false statements to the media, and (b) lying under oath and Count 8's allegation that Nelson made defamatory statements about Fonseca to the press.

Now, Fonseca moves this Court to reconsider its rulings because new discovery might bolster his argument that Nelson's conduct falls outside the scope of absolute immunity (Doc. 76). Having fully reviewed the parties' filings, the Court hereby **DENIES** Fonseca's motion to

---

[1] Count 10 is a claim for indemnification against the Village of Carrier Mills, the Office of the Sheriff of Saline County, and Saline County. Count 11 is a respondeat superior claim against the same Defendants.

reconsider.

## B. Analysis

The **FEDERAL RULES OF CIVIL PROCEDURE** do not specifically address motions to "reconsider." **Rule 59(e)** permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment." **Rule 60(b)** authorizes motions for relief from final judgments or orders.

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether **Rule 59(e)** or **Rule 60(b)** governed motions to reconsider. If the motion was filed *within* ten days of the date the challenged judgment or order was entered, **Rule 59(e)** applied. If the motion to reconsider was filed *more* than ten days after the judgment or order was entered, then **Rule 60(b)** applied, no matter how the motion was labeled. *See Romo v. Gulf Stream Coach, Inc.*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001);** *Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997);** *Russell v. Delco Remy Div. of General Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995);** *Hope v. United States*, **43 F.3d 1140, 1143 (7th Cir. 1994);** *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992);** *Charles v. Daley*, **799 F.2d 343, 347 (7th Cir. 1986) ("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").**

In 2008, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach—that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions—no longer applies. In short, motions are to be analyzed according to their terms....

> Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant) is dispositive with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.),** *cert.* **denied, 129 S. Ct. 417 (2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)).**

*Borrero* and its progeny have broadened the approach to motions filed within the ten-day period following entry of an order. But that is of little consequence here, because Fonseca's motion was not filed within ten days and therefore falls under Rule 60(b).

**Rule 60(b)** permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion "exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Fonseca's primary argument for why the Court should vacate its prior Order is that further discovery may shed light on Nelson's conduct. Specifically, Fonseca argues that further discovery could uncover evidence that would support his argument that Nelson's conduct was investigative rather than prosecutorial, and therefore does not entitle him to immunity. But Fonseca misses the point. In analyzing Fonseca's claims at the Rule 12(b)(6) stage, the Court looks only at

the allegations in the complaint—not facts to be revealed in discovery.² Consequently, the Court's January 12, 2009 Order focused on whether the complaint's allegations against Nelson involved conduct for which he was entitled to absolute prosecutorial immunity.

Even accepting all well-pled factual allegations as true and drawing all reasonable inferences in Fonseca's favor, the vast majority of Nelson's conduct clearly involved the initiation of a prosecution or the presentation of the State's case. Indeed, Fonseca seeks to sue Nelson for statements made during the course of charging him with a crime, presenting evidence and making arguments during a probable cause hearing, arguing for a high bond, and procuring false testimony from a witness while preparing for trial. Absolute prosecutorial immunity protects Nelson from liability for such conduct, as pled. ***See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).**

Obviously, if discovery yields evidence of other conduct by Nelson that falls outside the scope of prosecutorial immunity, Fonseca may seek leave to amend the complaint so as to allege viable claims against Nelson for non-prosecutorial conduct. However, the allegations against Nelson included in Fonseca's initial complaint, except lying under oath and making statements to the media, involve prosecutorial functions for which Nelson is entitled to immunity.

The Court notes that its dismissal of these claims are, by the terms of the Order, specific to the particular conduct alleged in support of each count. For instance, the Court dismissed Fonseca's conspiracy claim with prejudice insofar as it was based on conduct for which Nelson is

---

² Fonseca suggests that the Court has required him to do more than mere notice pleading. Not so. Though notice pleading is all that is required in federal court, the complaint must still set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc*., 496 F.3d 773, 776 (7th Cir. 2007).** Here, Fonseca delineated the conduct that he believes makes Nelson liable for damages. The Court was entitled to accept these well-pled factual allegations as true in determining whether Nelson is immune. Even drawing all reasonable inferences in Fonseca's favor, much of the conduct was obviously within the scope of the prosecutorial immunity doctrine.

absolutely immune (i.e., malicious prosecution).  Certainly, however, if Fonseca were to allege a conspiracy claim based upon conduct that is non-prosecutorial, immunity would obviously not protect Nelson from suit.  At this time, however, the controlling complaint contains no such allegations.

In short, Fonseca has not identified any reason sufficient to warrant reconsideration of the Court's January 12, 2009 Order.  And because the Court now denies reconsideration, it need not address Fonseca's request to supplement his response in opposition to the motion to dismiss.

### C.  Conclusion

As Fonseca has failed to identify any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief," the Court hereby **DENIES** Fonseca's motion for reconsideration under Rule 60(b) (Doc. 79).

**IT IS SO ORDERED.**

**DATED this 12th day of May 2009.**

**s/ Michael J. Reagan**<br>**MICHAEL J. REAGAN**<br>**United States District Judge**