UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNULFO FONSECA,              ) | |
|                              ) | |
|     Plaintiff,     ) | |
|                              ) | |
| v.                           ) | Cause No. 08-cv-435-MJR-PMF |
|                              ) | |
| CHARLES DAVID NELSON, et al., ) | |
|                              ) | |
|     Defendants.    ) | |

### ORDER

Before the Court is plaintiff's motion for leave to amend (Doc. No. 91). The motion is opposed, in part (Doc. No. 96, 98, 99).

The proposed First Amended Complaint is a combination of allegations, explanation and argument, including footnote and citation to legal authority. The primary revision pertains to events occurring on April 15, 2008. It appears that plaintiff anticipates addition of more claims pertaining to those events at some point in the future.

The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, district courts need not afford an opportunity to amend if there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). An amendment is futile if the proposed pleading fails to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

This case is set for final pretrial conference on September 11, 2009, and for jury trial on September 28, 2009.  Fact discovery has ended.  Dispositive motions are due later this month.  Considering the current schedule, plaintiff's motion is GRANTED in part and DENIED in part, as follows.

<u>Substitution of Mike Henshaw for David Nelson on official capacity claims</u>.  This aspect of plaintiff's motion is DENIED.  Official capacity claims against David Nelson were dismissed with prejudice and have not been reinstated.  It would be futile to re-plead those claims.  The record is preserved for any appeal.

<u>Allegations regarding release or publication of information and/or decisions to maintain an "open file policy</u>."  This aspect of the motion is GRANTED.  New allegations describing the manner in which information was disseminated or the manner in which information dissemination caused injury may be added.

<u>Allegations regarding the arrest and prosecution described as "Event 2</u>."  This aspect of the motion is DENIED.  Adding new claims at this time would not give opposing parties an opportunity to gather and exchange information prior to trial.  This would be unduly prejudicial to the defendants.  Discovery and dispositive motions deadlines cannot be extended unless there is a change in the final pretrial and trial dates, and there is no indication that Judge Reagan plans to alter the current settings.

<u>Allegations describing prior rulings</u>.  This aspect of the motion is DENIED.  The prior rulings are part of the official record and need not be summarized or explained in a new pleading.  The record is preserved for any appeal.

Legal argument.  This aspect of the motion is DENIED.  If the allegations are challenged, plaintiff will have an opportunity to present legal argument in a memorandum of law.

Prayer for relief.  Plaintiff proposes to seek relief from some defendants without specifying a name, instead referring to "any other defendants who" was involved.  This aspect of the motion is DENIED.  At this stage of the proceedings, the defendants are entitled to know which claims target them.

**IT IS SO ORDERED.**

**DATED:   May 19, 2009    .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**