# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARNULFO FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-0435-MJR-PMF |
| | ) | |
| CHARLES DAVID NELSON, Individually, and in his official capacity as State's Attorney for Saline County, KEITH BROWN, Individually and in his capacity as Sheriff of Saline County, KEN CLORE, MARK LEVAUGHN, RANDY BUTLER, MIKE JONES, BRAD NEAL, DAVID BLAZIER, TODD FORT, STEVE SLOAN, MONA NELSON, SALINE COUNTY, SHERIFF'S OFFICE OF SALINE COUNTY, STATE'S ATTORNEY'S OFFICE OF SALINE COUNTY, and VILLAGE OF CARRIER MILLS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

On June 12, 2008, Fonseca filed this action alleging causes of action under 42 U.S.C. § 1983 and state law (Doc. 2). These claims stem from events surrounding Fonseca's state court criminal prosecution for the murder of Ashleigh Miller, of which he was acquitted. Defendant Mark LeVaughn is a medical examiner, who testified for the State during Foseca's trial as to the cause of Ms. Miller's death.

On October 17, 2008, Fonseca moved for entry of default against LeVaughn (Doc. 48). Fonseca provided an affidavit stating that personal service was made upon LeVaughn on

August 7, 2008. As LeVaughn had, at that time, failed to plead or otherwise defend, the Clerk of the Court entered default against him on October 20, 2008, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(a)** (Doc. 49). Fonseca then moved for a default judgment against LeVaughn (Doc. 51). The Court set the matter for hearing (Doc. 52). Fonseca was directed to bring proof of service of: the complaint, the Court's entry of default, Plaintiff's motion for default judgment, and a copy of the November 6, 2008 Order setting the hearing.

On December 1, 2008, attorney Thomas F. Crosby filed a notice of appearance on LeVaughn's behalf (Doc. 59). On December 15, 2008, LeVaughn moved to set aside the entry of default (Doc. 61). At that time, the Court converted the hearing on the motion for default judgment to a hearing on the motion to set aside entry of default.

At the hearing, the Court heard argument from all parties (*see* Doc. 68). The Court noted that after the Clerk enters a default under **FEDERAL RULE OF CIVIL PROCEDURE 55(a)** due to a litigant's failure to plead or otherwise defend, the Court may enter a default judgment upon a motion by a party pursuant to **Rule 55(b)(2)**. However, before default judgment is entered, a defendant may move to set aside the entry of default pursuant to **Rule 55(c).** Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." In order to succeed under Rule 55(c), a party must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." ***O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).** More recently, the Seventh Circuit has explained:

> Defaults may be set aside for "good cause." [For instance,] [d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause"

> for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

***Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (emphasis in original; citations omitted).**

In his attempt to show good cause, LeVaughn explained that he had not appeared or answered because he was seeking representation from either his employer's insurance carrier or else from Saline County. LeVaughn also presented documents confirming that he had in fact promptly submitted the complaint to the insurance company and asked for representation. He also argued that he had a meritorious immunity defense to Fonseca's claims.

The Court found that LeVaughn's belief that his employer's insurance carrier would provide his defense supported the position that he had not willfully disregarded the litigation. The Court also noted that trial was ten months away and that LeVaughn's belated participation in the action would not unduly delay or prejudice any party. Additionally, the Court found that LeVaughn had promptly obtained counsel after receiving a copy of the entry of default and the motion for default judgment. After thoroughly considering the parties' arguments and the relevant legal standards, the Court found that good cause existed to set aside the entry of default. Accordingly, the Court granted LeVaughn's motion, vacated the entry of default, and directed LeVaughn to file a responsive pleading (Docs. 67 & 68).

Now, Fonseca asks the Court to revisit its Order vacating the entry of default (Doc. 100). Fonseca claims that documents recently provided during the course of discovery shed new

light on the reasons for LeVaughn's delay in answering. Specifically, Fonseca alleges that LeVaughn was preparing his defense all along, willfully refused to engage in the litigation, and has delayed discovery. LeVaughn submitted his response on May 12, 2009. Having fully considered the parties' arguments, the Court hereby **DENIES** Fonseca's motion to reconsider.

### B. Analysis

The **FEDERAL RULES OF CIVIL PROCEDURE** do not specifically address motions to "reconsider." **Rule 59(e)** permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment." **Rule 60(b)** authorizes motions for relief from final judgments or orders. Where a motion to reconsider is filed *more* than ten days after the judgment or order was entered, then **Rule 60(b)** applies. *See Romo v. Gulf Stream Coach, Inc.*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997).** As Fonseca's motion was not filed within ten days of the Court's Order vacating the entry of deafult, it falls under Rule 60(b).

**Rule 60(b)** permits a district court to relieve a party from an Order on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the Order. A Rule 60(b) motion "exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Fonseca's primary argument for why the Court should reconsider its prior Order

appears to be based either on newly discovered evidence or else fraud. Fonseca claims that two documents indicate that counsel was not truthful in its proffered basis for "good cause." The first document is a handwritten note, supposedly written by LeVaugh on July 17, 2008—one month before personal service was actually made upon him (Doc. 100-2, Exh. A). This note indicates that LeVaughn spoke with co-Defendant David Nelson, who advised him not to sign the waiver of summons, but instead to wait until he was served. The note further indicates that Nelson was going to find out whether Saline County's insurance carrier would cover LeVaughn's defense. Finally, LeVaughn's note stated that he would fax Nelson a copy of what appears to be a second medical opinion from Dr. George Nichols regarding Ashleigh Miller's cause of the death. The second document is a June 30, 2008 letter from Dr. Nichols wherein he explains his findings and concurs with LeVaughn's original evaluation.

Fonseca argues that these two documents indicate that LeVaughn had been planning his defense long before he was ever asked to waive summons in the first place. According to Fonseca, this reveals that LeVaughn willfully disregarded this action. As a result, he asks that the Court revisit its decision to vacate the entry of default.

Fonseca is certainly stretching the contents of these documents. First, LeVaughn's note actually confirms what he argued during the hearing: that he was awaiting word from the Saline County insurance carrier as to whether it would provide his defense. Additionally, the fact that he knowingly opted not to waive service does not justify reconsideration of the Court's Order. Nowhere do the **FEDERAL RULES OF CIVIL PROCEDURE** indicate that failure to waive service might include the drastic remedy requested here—a default judgment. Rather, **Rule 4(d)(2)** warns a defendant that if he, without good cause, fails to sign the waiver, he must pay both "the expenses

later incurred in making service; and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Indeed, these very costs have already been imposed on LeVaughn, and he was recently ordered to reimburse Fonseca in the amount of $1,000 pursuant to **Rule 4**.

Finally, the fact that LeVaughn sought a second opinion from Dr. Nichols in June 2008 does not indicate that he willfully refused to participate in the litigation. This action was not even filed under June 12, 2008. At most, it appears that LeVaughn was aware that this action might be filed, and took various steps to confer with others regarding the validity of his own findings in Fonseca's state case. Obviously, these circumstances do not entitle Fonseca to a default judgment, especially since LeVaughn was not served until August 7, 2008.

In short, Fonseca has not presented anything that would warrant reconsideration of the Court's Order vacating the entry of default.

### C. Conclusion

For all of the reasons stated above, the Court hereby **DENIES** Fonseca's motion to reconsider (Doc. 100).

**IT IS SO ORDERED.**

**DATED this 20th day of May 2009.**

                    **s/ Michael J. Reagan**
                    **MICHAEL J. REAGAN**
                    **United States District Judge**