# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARNULFO FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-0435-MJR-PMF |
| | ) | |
| CHARLES DAVID NELSON, | ) | |
| Individually, and in his official capacity | ) | |
| as State's Attorney for Saline County, | ) | |
| KEITH BROWN, Individually and in | ) | |
| his capacity as Sheriff of Saline County, | ) | |
| KEN CLORE, MARK LEVAUGHN, | ) | |
| RANDY BUTLER, MIKE JONES, | ) | |
| BRAD NEAL, DAVID BLAZIER, | ) | |
| TODD FORT, STEVE SLOAN, | ) | |
| MONA NELSON, SALINE COUNTY, | ) | |
| SHERIFF'S OFFICE OF SALINE | ) | |
| COUNTY, STATE'S ATTORNEY'S | ) | |
| OFFICE OF SALINE COUNTY, and | ) | |
| VILLAGE OF CARRIER MILLS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

On June 12, 2008, Fonseca filed this action alleging claims under federal and Illinois state law (Doc. 2). Fonseca's claims relate to his April 2008 Illinois state murder trial, in which a jury found him not guilty. Fonseca's complaint includes six claims against Defendant Mark LeVaughn, identified in the complaint as the State's Medical Examiner. In Counts 1 through 3, which are brought under 42 U.S.C. § 1983, Fonseca alleges that LeVaughn violated his constitutional rights by assisting in his false arrest (Count 1), assisting in a malicious prosecution (Count 2), and fabricating evidence (Count 3). As for Fonseca's Illinois tort claims, he alleges that

LeVaughn participated in a malicious prosecution (Count 6), intentionally inflicted emotional distress (Count 7), and conspired with others to "convict him of charges that are unsupported by the evidence" (Count 9) (Doc. 2, Ct. 9, ¶ 31).[1]

On January 6, 2009, LeVaughn filed a motion to dismiss (Doc. 70) arguing that he is entitled to absolute immunity with respect to the § 1983 claims against him. He also argues that after dismissing the federal claims against him, this Court should decline to exercise supplemental jurisdiction over the state law claims. Having fully reviewed the parties' filings, the Court hereby **GRANTS IN PART AND DENIES IN PART** LeVaughn's motion to dismiss (Doc. 70).[2]

### B. Legal Standards

Dismissal is warranted under **Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE** if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);** ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" ***Ashcroft v. Iqbal*, 2009 WL 1361536, at \*12 (S. Ct. May 18, 2009)**

---

[1] Counts 4 and 5 are brought under § 1983 against only Defendants Nelson, Sloan, and Jones. Count 8 is a state law defamation claim against only Defendant Nelson. Count 10 is a claim for indemnification against the Village of Carrier Mills, the Office of the Sheriff of Saline County, and Saline County. Count 11 is a respondeat superior claim against the same Defendants.

[2] On May 19, 2009, the Court granted Fonseca's motion to amend his complaint (Doc. 107), but only permitted him to add additional factual allegations against Defendant Nelson. As none of the allegations against LeVaughn will be altered therein, the instant ruling only affects claims against LeVaughn that are identical in both the original and amended complaints.

**(quoting *Twombly*, 550 U.S. at 555 & 557).** Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, **475 F.3d 824, 833 (7th Cir.),** *cert. denied*, **128 S. Ct. 357 (2007);** *Marshall v. Knight*, **445 F.3d 965, 969 (7th Cir. 2006);** *Corcoran v. Chicago Park District*, **875 F.2d 609, 611 (7th Cir. 1989).**

### C. Analysis

### 1. Absolute Immunity for § 1983 Claims

LeVaughn first argues that he is entitled to absolute immunity as to Fonseca's § 1983 claims (Counts 1, 2, & 3), as these claims are based solely on his in-court testimony during Fonseca's trial. The Court agrees. Fonseca's complaint includes very little regarding LeVaughn's actual conduct. Fonseca claims:

> The only evidence presented by Defendants at trial in support of the *mens rea* components of the first degree murder charges was through the completely biased, speculative, and unfounded testimony of the State's Medical Examiner regarding the injuries possibly being caused by a beating, and the coerced testimony of a jailhouse snitch. This testimony was presented with an absence of any physical evidence that the Plaintiff ever had bruised hands when he brought Ms. Miller to the hospital, or owned, or possessed brass knuckles, and in complete contradiction of the medical evidence. The origination of this idea of brass knuckles was pure speculation of an on duty security guard at the hospital to which Ms. Miller was initially taken, and said theory was only pursued by the Defendants after Plaintiff had passed a lie detector test indicating that he did not harm Ms. Miller.

(Doc. 2, ¶ 28). In Counts 1 and 2, Fonseca restates this allegation as: "The Medical Examiner based his opinion on the speculation of a hospital security guard and not on the injuries sustained by Ms.

Miller" (Doc. 2, Cts. 1 & 2, ¶ 33). In Count 3, Fonseca alleges that "Defendant Mark LeVaughn, as state's medical examiner, fabricated evidence and twisted it in such a way so as to indicate that Plaintiff acted in a way inconsistent with actual evidence" (Doc. 2, Ct. 3, ¶ 32).

The complaint's only reference to LeVaughn's participation in Fonseca's state murder case is as a testifying witness during the trial. It is well-settled, however, that an individual is entitled to absolute immunity from § 1983 claims based on their testimony as a witness in a criminal proceeding. ***Briscoe v. LaHue*, 460 U.S. 325 (1983);** *see Latta v. Chapala*, **221 Fed.Appx. 443, 444 (7th Cir. 2007) ("Witnesses at trial likewise possess absolute immunity in actions under 1983.").** LeVaughn simply cannot be subject to liability under § 1983 for the presentation of testimony during Fonseca's criminal trial.

Fonseca argues that his fabrication claim alleges wrongdoing by LeVaughn "months before he ever testified" (Doc. 78, p. 2). Fonseca claims that it is this conduct that the Court should focus on. However, the complaint, on its face, does not include any such factual allegation. The fabrication claim does not refer to pre-trial activity, and since the complaint's only other reference to LeVaughn's conduct stems from his trial testimony, the Court cannot assume that Fonseca is pinpointing some unmentioned act taken prior to trial. If Fonseca intended to include allegations that LeVaughn engaged in pre-trial conduct that violated his rights, he failed to do so. Instead, the complaint suggests that LeVaughn's only involvement in any constitutional violation stems from his actual testimony at trial. Accordingly, none of the conduct attributed to LeVaughn in Fonseca's complaint can plausibly state a claim to relief that is plausible on its face, since LeVaughn is entitled to absolute immunity for his testimony as a witness.

Fonseca makes the blanket assertion in his response that discovery has revealed other

conduct involving LeVaughn to which immunity does not extend. Fonseca also claims that this conduct is separate and apart from LeVaughn's trial testimony. But no such factual allegations have been included in the current complaint. The Court cannot speculate about the nature of any as-of-yet unfiled claims. Of course, Fonseca is free to seek leave to amend his complaint so as to state a plausible claim against LeVaughn on these grounds. The complaint in its current form, however, is not a model of clarity, and on its face, it only alleges conduct for which LeVaughn is entitled to absolute immunity.

Accepting all well-pled factual allegations as true and drawing all reasonable inferences in Fonseca's favor, the Court finds that the § 1983 claims against LeVaughn (Counts 1, 2, & 3) must be dismissed as he is entitled to absolute immunity for his actions as a testifying witness at trial.

## 2. Fonseca's State Law Malicious Prosecution Claim (Count 6)

Next, LeVaughn argues that Fonseca's state law malicious prosecution claim must be dismissed pursuant to **Rule 12(b)(6)**. The Court agrees.

In order to state a claim for malicious prosecution, Illinois law requires that a plaintiff show: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." ***Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001).** In order to establish that a defendant "commenced or continued" a criminal proceeding, "the defendant must have initiated the criminal proceeding or 'his participation in it must have been of so active and positive a character as to amount to advice and cooperation.'" *Id.* **(quoting** *Denton v. Allstate Ins. Co.***, 504 N.E.2d 756, 760**

**(1987))**.

As already explained, the only allegations in the complaint against LeVaughn involve his testimony at Fonseca's criminal trial. Indeed, the allegations in Count 6 only allege that LeVaughn based his testimony on the speculation of a security guard. There is no indication in the complaint that LeVaughn was directly involved in the initiation of the criminal prosecution. The alleged conduct of appearing as a trial witness clearly does not fall under the banner of commencing a criminal proceeding. As a result, the Court cannot find that the factual allegations in Fonseca's complaint present a plausible claim to relief with respect to this claim.

Accordingly, Fonseca's state law malicious prosecution claim (Count 6) must be dismissed without prejudice pursuant to **Rule 12(b)(6)**.

**3. Supplemental Jurisdiction Over Fonseca's Remaining State Law Claims**

Finally, LeVaughn asks this Court to decline supplemental jurisdiction over the remaining state law claims. **28 U.S.C. § 1367(c)** provides that a district court

> may decline to exercise supplemental jurisdiction over a claim . . . if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court sees no reason to decline supplemental jurisdiction at this time. While Fonseca's federal claims against LeVaughn are now dismissed, the Court retains original jurisdiction over the many federal claims against LeVaughn's co-defendants. All of these claims involve the same general factual background as Fonseca's state law claims against LeVaughn. Judicial

economy demands that the Court retain supplemental jurisdiction at this time.

Because LeVaughn offers no other basis by which these claims should be dismissed, Counts 7 and 9 remain pending at this time.

### D.  Conclusion

For all of the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** LeVaughn's motion to dismiss (Doc. 70).  LeVaughn's motion is **GRANTED** only to the following extent.  Fonseca's § 1983 claims against LeVaughn in Counts 1, 2, and 3 are hereby **DISMISSED with prejudice** insofar as they allege that LeVaughn violated Fonseca's constitutional rights while testifying in a state criminal trial.  Additionally, Fonseca's state law malicious prosecution claim in Count 6 is **DISMISSED without prejudice**.

LeVaughn's motion is **DENIED** in all other respects.  Fonseca's state law claims against LeVaughn (Counts 7 & 9) remain pending.

**IT IS SO ORDERED.**

**DATED this 20th day of May 2009.**

<pre>
                                    s/ Michael J. Reagan            
                                    MICHAEL J. REAGAN
                                    United States District Judge
</pre>