# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNULFO FONSECA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-CV-0435-MJR-PMF ) |
| CHARLES DAVID NELSON, Individually, and in his official capacity as State's Attorney for Saline County, KEITH BROWN, Individually and in his capacity as Sheriff of Saline County, KEN CLORE, MARK LEVAUGHN, RANDY BUTLER, MIKE JONES, TODD FORT, STEVE SLOAN, MONA NELSON, SALINE COUNTY, SHERIFF'S OFFICE OF SALINE COUNTY, and STATE'S ATTORNEY'S OFFICE OF SALINE COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

On June 12, 2008, Fonseca filed this case alleging causes of action under federal and Illinois state law (Doc. 2). Fonseca's claims relate to the prosecution of his April 2008 Illinois murder trial, in which a jury found him not guilty. Fonseca's original complaint included nine counts against various defendants, including Charles David Nelson, the State's Attorney who charged and prosecuted him, and Mark LeVaughn, a medical examiner who testified on behalf of the State.

On January 12, 2009, the Court dismissed all claims against Nelson in his official capacity under the Eleventh Amendment (Doc. 76). Additionally, the Court found that Nelson was

absolutely immune from various other claims brought against him in his individual capacity. Still other claims were dismissed under Federal Rule of Civil Procedure 12(b)(6) due to Fonseca's failure to adequately plead supporting facts. Consequently, only certain claims in Counts 7 and 8 remained pending against Nelson.

On April 15, 2009, Fonseca filed a motion for leave to amend his complaint (Doc. 91), which Magistrate Judge Philip M. Frazier granted in part (Doc. 107). Judge Frazier's Order only permitted Fonseca to amend his complaint insofar as he wished to add allegations against the Defendants regarding the prosecutor's release of information about Fonseca's murder case and the maintenance of an "open file policy." Additionally, the Court explicitly denied Fonseca's request to seek relief against "any other defendants who" were involved with that conduct, explaining that "[a]t this stage of the proceedings, the defendants are entitled to know which claims target them" (Doc. 107, p. 3).

Immediately after the Court ruled on the motion to amend, the parties were informed that a ruling on Defendant LeVaughn's motion to dismiss would soon be forthcoming (Doc. 108). Thus, the Court instructed as follows: "In order to prevent the unnecessary inclusion of any dismissed claims in the amended complaint, the Court DIRECTS Fonseca to refrain from filing the amended complaint prior to May 21, 2009 so that he can have the benefit of the Court's rulings."

On May 20, 2009, the Court entered its Order dismissing various claims against LeVaughn (Doc. 110). The Court found that LeVaughn was absolutely immune from all of the allegations in Counts 1, 2, and 3. The Court also dismissed Count 6 without prejudice because Fonseca had failed to plead sufficient facts to support a malicious prosecution claim against LeVaughn. In dismissing Count 6 as to LeVaughn, the Court explained:

> Fonseca makes the blanket assertion in his response that

> discovery has revealed other conduct involving LeVaughn to which immunity does not extend. Fonseca also claims that this conduct is separate and apart from LeVaughn's trial testimony. But no such factual allegations have been included in the current complaint. The Court cannot speculate about the nature of any as-of-yet unfiled claims. ***Of course, Fonseca is free to seek leave to amend his complaint so as to state a plausible claim against LeVaughn on these grounds.*** The complaint in its current form, however, is not a model of clarity, and on its face, it only alleges conduct for which LeVaughn is entitled to absolute immunity.

(Doc. 110, p. 5) (emphasis added).

On June 3, 2009, Fonseca filed his amended complaint (Doc. 125). The primary additions to the amended complaint were the court-authorized allegations regarding the "open file policy" maintained by the State during the course of Fonseca's criminal prosecution (*see* ¶ 24; Ct. 6, ¶¶ 31 & 32; Ct. 8, ¶¶ 31-33). However, LeVaughn filed a motion objecting to certain other new allegations and asks the Court to either strike the amended complaint or dismiss all claims against him (Doc. 145). These additions include an allegation that LeVaughn assisted the State in "generating, modifying, and fabricating evidence that Ms. Miller died from a beating" so as to support the State's showing of probable cause for the charges against Fonseca (Doc. 125, Ct. 6, ¶ 33). Additionally, Count 8 of Fonseca's amended complaint seeks relief from Nelson "and any other defendant who provided documents contained in the open file," despite the fact that the Court squarely disapproved this particular allegation in its Order (Doc. 107) and instructed Fonseca not to include it.

Having fully considered the parties' filings, the Court hereby **GRANTS** LeVaughn's motion to strike (Doc. 145).

## B. Analysis

First, it should be obvious that the amended portion Count 8's prayer for relief must

be stricken, as the Court specifically denied Fonseca's motion to state a generic claim against "any other defendant who" was involved. The Court in no uncertain terms stated that Fonseca's preferred wording was deficient because it failed to name any particular defendant. The undersigned District Judge echoes Magistrate Judge Frazier's statement that "[a]t this stage of the proceedings, the defendants are entitled to know which claims target them" (Doc. 107, p. 3). For whatever reason, Fonseca included his preferred amendment anyway. But as the Court expressly prohibited Fonseca from including this broad prayer for relief in his amended complaint, this particular addition to Count 8 must be eliminated.

With respect to the new allegations against LeVaughn in Count 6 (Doc. 125, Ct. 6, ¶ 33), the Court notes that Fonseca neither sought nor obtained leave to add the information included therein. The Court made it clear in its Order granting in part LeVaughn's motion to dismiss that it was not broadly granting Fonseca leave to amend. Rather, the Court specifically noted that Fonseca was "free to ***seek leave*** to amend his complaint so as to state a plausible claim [of malicious prosecution] against LeVaughn" (Doc. 110, p. 5) (emphasis added). However, Fonseca failed to do so and instead took it upon himself to add new allegations.[1] This was improper and unauthorized.

In his response to the instant motion, Fonseca acknowledges that he might have been confused and therefore asks the Court to retroactively approve the amendment by granting him leave to amend instanter. The Court declines to do so. As noted in the Court's prior Order,

---

[1] Fonseca claims that he believed the Court briefly delayed his filing of the amended complaint so that he could address any defects identified by the Court's May 20, 2009 Order. However, no plausible reading of that Order (Doc. 110) or the Court's notice delaying the filing of the amended complaint (Doc. 108) supports this reading. In fact, the Court's May 19, 2009 notice indicated that the purpose of the delay was only "to prevent the unnecessary inclusion of any dismissed claims in the amended complaint." In other words, the Court wanted Fonseca to have the benefit of the Order so that he could remove dismissed claims from the complaint—not so he could include new allegations as he pleases.

> . . . to state a claim for malicious prosecution, Illinois law requires that a plaintiff show: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." **Logan v. Caterpillar, Inc., 246 F.3d 912, 922 (7th Cir. 2001).** In order to establish that a defendant "commenced or continued" a criminal proceeding, "the defendant must have initiated the criminal proceeding or 'his participation in it must have been of so active and positive a character as to amount to advice and cooperation.'" **Id. (quoting *Denton v. Allstate Ins. Co.*, 504 N.E.2d 756, 760 (1987)).**

But the amendment Fonseca now wishes to make remains vague with respect to whether LeVaughn's alleged conduct actually amounts to a "commencement" of the prosecution against Fonseca. The new language simply states that at some point, LeVaughn "contributed to the malicious prosecution through his cooperation in generating, modifying, and fabricating evidence indicating that Ms. Miller died from a beating which then provided the other Defendants an ability to assert one element of the murder charge that would otherwise not exist" (Doc. 125, Ct. 6, ¶ 33). It is not clear whether the alleged conduct occurred prior to the time Fonseca was charged with murder or long afterwards. It is Fonseca's lack of clarity that dooms the requested amendment. Accordingly, the Court finds that this particular amendment would be futile, because the allegation as currently stated cannot support a finding that LeVaughn actually participated in the commencement of Fonseca's prosecution. As a result, Count 6's new allegations against LeVaughn must be removed from the amended complaint.

Finally, the Court notes that Fonseca neglected to remove all dismissed claims from the complaint. The Court's May 19, 2009 notice (Doc. 108) indicated that Fonseca should not unnecessarily include dismissed claims in his amended complaint. Counts 1, 2, 3, and 6 have been entirely dismissed as to LeVaughn. This should be reflected in Fonseca's amended complaint.

In light of these findings, the Court need not address LeVaughn's other arguments, which are more fully briefed in his motion for summary judgment (Doc. 111). The Court elects to consider these arguments at the summary judgment stage.

### C. Conclusion

For all of the reasons explained above, the Court **GRANTS** LeVaughn's motion to strike Fonseca's amended complaint (Doc. 145) and **DIRECTS** the Clerk of the Court to **STRIKE** Fonseca's first amended complaint (Doc. 125). Fonseca shall file a second amended complaint after making the following corrections:

- Fonseca shall make it clear that the claims in Counts 1, 2, 3, and 6 are no longer pending against LeVaughn.

- Fonseca shall remove the allegations against LeVaughn in Count 6, ¶ 33.

- Fonseca shall remove the words "and any other defendant who provided documents contained in the open file" from Count 8's prayer for relief.

Fonseca's second amended complaint shall be filed **no later than July 15, 2009.**[2]

**IT IS SO ORDERED.**

**DATED this 9th day of July 2009.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**

---

[2] Because of the rapidly approaching trial date, the Court will construe all pending summary judgment motions as referring to Fonseca's second amended complaint. However, all Defendants shall file new answers in response to the second amended complaint.