# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNULFO FONSECA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-0435-MJR-PMF |
| ) | |
| CHARLES DAVID NELSON, ) | |
| Individually, and in his official capacity ) | |
| as State's Attorney for Saline County, ) | |
| KEITH BROWN, Individually and in ) | |
| his capacity as Sheriff of Saline County, ) | |
| KEN CLORE, MARK LEVAUGHN, ) | |
| RANDY BUTLER, MIKE JONES, ) | |
| TODD FORT, STEVE SLOAN, MONA ) | |
| NELSON, SALINE COUNTY, ) | |
| SHERIFF'S OFFICE OF SALINE ) | |
| COUNTY, and STATE'S ATTORNEY'S ) | |
| OFFICE OF SALINE COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court on yet another defect in Fonseca's amended complaint. Though the background of this case has been repeated in this Court's numerous orders, it is included yet again to make the record clear.

On June 12, 2008, Fonseca filed this case alleging causes of action under federal and Illinois state law (Doc. 2). Fonseca's claims relate to the prosecution of his April 2008 Illinois murder trial, in which a jury found him not guilty. Fonseca's original complaint included nine counts against various defendants, including Charles David Nelson, the State's Attorney who charged and prosecuted him, and Mark LeVaughn, a medical examiner who testified on behalf of the State.

On January 12, 2009, the Court dismissed all claims against Nelson in his official capacity under the Eleventh Amendment (Doc. 76). Additionally, the Court found that Nelson was absolutely immune from various other claims brought against him in his individual capacity. Still other claims were dismissed under Federal Rule of Civil Procedure 12(b)(6) due to Fonseca's failure to adequately plead supporting facts. Consequently, only certain claims in Counts 7 and 8 remained pending against Nelson.

On April 15, 2009, Fonseca filed a motion for leave to amend his complaint (Doc. 91), which Magistrate Judge Philip M. Frazier granted in part (Doc. 107). Judge Frazier's Order only permitted Fonseca to amend his complaint insofar as he wished to add allegations against the Defendants regarding the prosecutor's release of information about Fonseca's murder case and the maintenance of an "open file policy." Additionally, the Court explicitly denied Fonseca's request to seek relief against "any other defendants who" were involved with that conduct, explaining that "[a]t this stage of the proceedings, the defendants are entitled to know which claims target them" (Doc. 107, p. 3).

Immediately after the Court ruled on the motion to amend, the parties were informed that a ruling on Defendant LeVaughn's motion to dismiss would soon be forthcoming (Doc. 108). Thus, the Court instructed as follows: "In order to prevent the unnecessary inclusion of any dismissed claims in the amended complaint, the Court DIRECTS Fonseca to refrain from filing the amended complaint prior to May 21, 2009 so that he can have the benefit of the Court's rulings."

On May 20, 2009, the Court entered its Order dismissing various claims against LeVaughn (Doc. 110). The Court found that LeVaughn was absolutely immune from all of the allegations in Counts 1, 2, and 3. In dismissing Count 3 as to LeVaughn, the Court explained:

> Fonseca argues that his fabrication claim alleges wrongdoing by LeVaughn "months before he ever testified" (Doc. 78, p. 2). Fonseca claims that it is this conduct that the Court should focus on. However, the complaint, on its face, does not include any such factual allegation. The fabrication claim does not refer to pre-trial activity, and since the complaint's only other reference to LeVaughn's conduct stems from his trial testimony, the Court cannot assume that Fonseca is pinpointing some unmentioned act taken prior to trial. If Fonseca intended to include allegations that LeVaughn engaged in pre-trial conduct that violated his rights, he failed to do so. Instead, the complaint suggests that LeVaughn's only involvement in any constitutional violation stems from his actual testimony at trial. Accordingly, none of the conduct attributed to LeVaughn in Fonseca's complaint can . . . state a claim to relief that is plausible on its face, since LeVaughn is entitled to absolute immunity for his testimony as a witness.

(Doc. 110, p. 4-5).

On June 3, 2009, Fonseca filed his first amended complaint (Doc. 125). The primary additions to the amended complaint were the court-authorized allegations regarding the "open file policy" maintained by the State during the course of Fonseca's criminal prosecution (*see* ¶ 24; Ct. 6, ¶¶ 31 & 32; Ct. 8, ¶¶ 31-33). However, LeVaughn filed a motion objecting to certain other new allegations and asked the Court to either strike the amended complaint or dismiss all claims against him (Doc. 145). These additions included an allegation that LeVaughn assisted the State in "generating, modifying, and fabricating evidence that Ms. Miller died from a beating" so as to support the State's showing of probable cause for the charges against Fonseca (Doc. 125, Ct. 6, ¶ 33).

The Court granted LeVaughn's motion to strike, finding that Fonseca had gone beyond the scope of the order granting leave to amend (Doc. 156). The Court directed Fonseca to file an amended complaint to comply with the Court's rulings, and to remove references to any claims that had been dismissed, including the claims against LeVaughn in Count 3. However, after

Fonseca filed his second amended complaint (Doc. 157), the Court noticed that the complaint included claims against various defendants whom Fonseca had voluntarily dismissed. As a result, the Court directed Fonseca to amend the complaint so as to remove the allegations to related to these defendants (Doc. 158). On July 27, 2009, Fonseca did in fact file a third amended complaint (Doc. 161).

Just before the third amended complaint was filed, however, LeVaughn moved this Court to strike Fonseca's second amended complaint on the grounds that it still includes a claim against LeVaughn in Count 3 (Doc. 160). The Court recognizes that the third count of the July 27, 2009 third amended complaint contains the same problem and therefore construes LeVaughn's motion as pertaining to the third amended complaint. Having fully reviewed the issue, the Court **GRANTS** LeVaughn's motion to strike (Doc. 160).

Fonseca's third amended complaint attempts to justify the inclusion of the claims against LeVaughn in Count 3 by stating: "This claim has been dismissed with prejudice regarding the testimony of Dr. Mark LeVaughn, and without prejudice as to any other acts" (Doc. 161, Ct. 3, ¶ 34). This is not an accurate statement of the Court's ruling. In fact, the Court found that Count 3 only pled factual allegations against LeVaughn relating to his testimony at Fonseca's murder trial. Specifically, the Court stated that "[i]f Fonseca intended to include allegations that LeVaughn engaged in pre-trial conduct that violated his rights, he failed to do so. Instead, the complaint suggests that LeVaughn's only involvement in any constitutional violation stems from his actual testimony at trial" (Doc. 110, pp. 4-5). Consequently, the Court entirely dismissed Count 3 because the factual allegations therein only pertained to LeVaughn's conduct as a testifying witness. Fonseca has not obtained leave from the Court to add any allegations regarding LeVaughn's pre-trial

conduct.

Accordingly, LeVaughn's motion to strike must be **GRANTED** (Doc. 160). The Court **DIRECTS** the Clerk of the Court to **STRIKE** the third amended complaint (Doc. 161). Furthermore, the Court **DIRECTS** Fonseca to file his fourth amended complaint **no later than August 3, 2009** so as to remove the allegations against LeVaughn in Count 3.

**IT IS SO ORDERED.**

**DATED this 29th day of July 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**