IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ARNULFO FONSECA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 08-CV-0435-MJR-PMF |
| CHARLES DAVID NELSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Arnulfo Fonseca sued Defendant Mark LeVaughn, M.D., and others on June 12, 2008 based on both federal law and Illinois law. (Doc. 2.) Fonseca's claims arise from being charged on June 13, 2007 with murdering his long-term partner Ashleigh Miller and the subsequent April 2008 trial in which a jury acquitted him of the charges. Fonseca's complaint included six counts against LeVaughn, but the Court dismissed all of the three federal claims and one of the state claims. (Doc. 110.) The claims remaining against LeVaughn are that LeVaughn intentionally inflicted emotional distress by fabricating testimony at the murder trial regarding Ms. Miller's cause of death (Count 7) and that LeVaughn conspired with others to "convict [Fonseca] of charges that are unsupported by the evidence" (Count 9).

LeVaughn has now moved for summary judgment against Fonseca.[1] Count 7 is solely

---

[1] In their summary judgment briefs, both Fonseca and LeVaughn raise issues that are not germane to relief under Rule 56 and bear more on disputes arising from the parties conduct during discovery. Fonseca for his part asks the Court to strike LeVaughn's summary judgment motion due to issues regarding disclosures and discovery. These issues were already addressed in his Motion for Sanctions (Doc. 135), which the Court struck (Doc. 140) as conflicting with the Court's discovery Order (Doc. 26). LeVaughn for his part asks the Court now to abstain from exercising jurisdiction on the doctrine of *Younger v. Harris*, **401 U.S. 37 (1971)**, on the basis of Fonseca's refusal to answer deposition questions relating to his involvement in an

1

based upon LeVaughn's trial testimony, and LeVaughn is immune from civil liability from torts arising from his trial testimony. Additionally, an element of Count 9 is unsupported by the evidence at summary judgment. The Court will accordingly grant LeVaughn's motion.

### *Summary Judgment Standard*

Courts should grant summary judgment to the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(c).** The party that moves for summary judgment "bears the initial responsibility of informing a court of the basis for its motion," meaning that it must identify the materials listed in Rule 56(c) that "demonstrate the absence of a genuine issue of material fact." **Keri v. Bd. of Trs. of Purdue Univ., 458 F.3d 620, 628 (7th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).** The moving party may do so by "pointing out . . . that there is an absence of evidence to support the non-moving party's case." *Id.* **(quoting *Celotex Corp.*, 477 U.S. at 325).**

Once the moving party satisfies its burden, "the non-moving party must do more than raise a metaphysical doubt as to the material facts" if it wants to defeat summary judgment. *Id.* **(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).** Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-moving party cannot rest on the pleadings but must respond, with affidavits or other materials

---

ongoing criminal prosecution. Fonseca has not asked the Court to enjoin an ongoing criminal prosecution or to declare a statute used against him in a criminal prosecution void, meaning that *Younger* is inapplicable. *See, e.g*, **Hoover v. Wagner, 47 F.3d 845, 848 (7th Cir. 1995) (citing *Younger*, 401 U.S. 37) ("The core of the *Younger* doctrine is the proposition that a person who is being prosecuted by a state for violating its laws is not allowed to derail the prosecution by bringing a suit in federal court *to enjoin the prosecution* on the ground that the state statute on which it is based is unconstitutional." (second emphasis added)).** LeVaughn's and Fonseca's auxiliary requests are accordingly DENIED.

under Rule 56(c), setting forth specific facts that show a genuine issue for trial. **Fed. R. Civ. P. 56(e);** *Oest v. Ill. Dep't of Corrections*, **240 F.3d 605, 610 (7th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)).** The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986).** The non-moving party must also be careful as to what Rule 56(c) materials it proffers to the Court, as "conclusory allegations and self[-]serving affidavits, if not supported by the record, will not preclude summary judgment." *Haywood v. N. Am. Van Lines, Inc.*, **121 F.3d 1066, 1071 (7th Cir. 1999) (citing** *Darnell v. Target Stores*, **16 F.3d 174, 176–77 (7th Cir. 1994)).** The non-moving party does have one benefit, though, in that the Court must construe the Rule 56(c) materials in the non-moving party's favor, including all reasonable inferences from those materials. *Keri*, **458 F.3d at 628.**

*Analysis*

LeVaughn argues that he is entitled to judgment as a matter of law with respect to the claims against him under Illinois law—the intentional infliction of emotional distress claim (Count 7) and the civil conspiracy claim (Count 9). He argues that he is entitled to absolute immunity as the claims are based solely on his in-court testimony during Fonseca's trial. With respect to Count 7, the Court agrees.

Illinois law has firmly established the principle that "witnesses enjoy absolute privilege from civil suit for statements made during judicial proceedings." *McNall v. Frus*, **784 N.E.2d 238, 239 (Ill. App. 2002) (citing** *Jurgensen v. Haslinger*, **692 N.E.2d 347 (1998);** *Renzi v. Morrison*, **618 N.E.2d 794 (Ill. App. 1993);** *Libco Corp. v. Adams*, **426 N.E.2d 1130 (1981)).** This immunity accords with the common law in general. *See Briscoe v. LaHue*, **460 U.S. 325,**

3

**332–33 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law. Some American decisions required a showing that the witness's allegedly defamatory statements were relevant to the judicial proceeding, but once this threshold showing had been made, the witness had an absolute privilege. The plaintiff could not recover even if the witness knew the statements were false and made them with malice." (footnotes and citations omitted)).** The reason for allowing absolute privilege to witnesses for their testimony is because witnesses are acting "in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to an injured party." *McNall*, **784 N.E.2d at 239 (citing** ***Thomas v. Petrulis*, 465 N.E.2d 1059, 1061 (Ill. App. 1984)).** Still, this does not render a witness completely free from any liability whatsoever arising from testimony, just liability to private parties under the civil law. ***See Jurgensen*, 692 N.E.2d at 350 n.1.** A witness is still criminally liable for testimony, and could be prosecuted for perjury and related crimes. *Id.* That criminal liability, however, is not before the Court presently, and in any case Fonseca would not be the person who could bring a criminal suit against LeVaughn.

What is before the Court instead are two civil claims, one of which is based entirely on LeVaughn's testimony. Intentional infliction of emotional distress in Illinois requires proof of four elements, one of which is "extreme and outrageous conduct." ***Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (citing *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767–78 (Ill. 1976)).** Extreme and outrageous conduct is conduct that goes "beyond all bounds of decency and [is] considered intolerable in a civilized community." ***Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006) (alteration in original) (quoting *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir.**

4

2001)). The extreme and outrageous conduct with which Fonseca charges LeVaughn is nothing more than that he fabricated his testimony at trial with respect to Ms. Miller's cause of death. He alleged no other conduct of LeVaughn under his claim except for the trial testimony and has presented no other evidence at summary judgment of other conduct except for evidence relating to LeVaughn's testimony. As LeVaughn is immune under Illinois law from torts arising from his testimony, LeVaughn is entitled to judgment as a matter of law on Count 7.

Despite the application of well-established Illinois law to this case, Fonseca claims that the Court already decided the issue of absolute immunity with respect to Count 7, pointing to the Court's Order retaining Count 7 and dismissing Counts 1–3. This is a misreading of the Court's Order. The Court addressed absolute witness immunity only with respect to the claims against LeVaughn under 42 U.S.C. § 1983, as those were the claims that LeVaughn argued were barred by immunity. (Doc. 110, at 3.) With respect to Counts 7 and 9, he argued not absolute immunity but that the Court should decline supplemental jurisdiction. That does not prevent LeVaughn from arguing here that absolute immunity applies to Counts 7 and 9. As the Court has not ruled with respect to these claims on absolute immunity yet, Fonseca's argument against the application of absolute immunity is without merit.

Thankfully for Fonseca, LeVaughn cannot use his immunity as a witness to avoid liability for civil conspiracy. Civil conspiracy is a common-law tort consisting of "a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." ***Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994) (citing *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324 (1990)).** The purpose of civil conspiracy is "to extend liability in tort beyond the active wrongdoer to those who have merely

5

planned, assisted or encouraged the wrongdoer's acts." *Id.* **(citing William L. Prosser & John W. Wade,** *Cases and Materials on Torts* **§ 46, at 293 (5th ed. 1971)).** Although the agreement between the two or more persons "is a necessary and important element of a cause of action for civil conspiracy," "the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement." *Id.* **(citing Prosser & Wade,** *supra***).** In other words as applied to this case, if Fonseca were able to show that LeVaughn agreed with others to accomplish an unlawful purpose or a lawful purpose by unlawful means and another party in the conspiracy committed a tort in furtherance of the conspiracy, then LeVaughn would still be liable. His immunity as a witness would be inapplicable simply because the trial testimony would not be the tort creating the liability for civil conspiracy; instead, another party's tort would be.

Unfortunately for Fonseca, the agreement element, while alleged in Fonseca's complaint, lacks any evidentiary support at summary judgment. He alleges in his response to the motion without citing any discovery materials that other defendants were "communicating with LeVaughn about this case and LeVaughn's report." Even if Fonseca had properly brought to the Court's attention discovery indicating that there was a communication between some of the other defendants and LeVaughn, *see, e.g.*, **S.D. Ill. R. 7.1(e) ("Any brief in support of or in opposition to a motion for summary judgment shall contain citation to relevant legal authority** *and to the record* **. . . ." (emphasis added))**, he still would have to demonstrate the content of that communication or at least present other evidence indicating that the communication was about accomplishing a unlawful purpose or using unlawful means. Without those, no jury could tell whether the communication was an offer to accomplish an unlawful purpose or a legitimate purpose through unlawful means. Additionally, inferring an agreement from a communication without

6

discoverable content would be unreasonable, and Fonseca is entitled only to reasonable inferences on the summary judgment record.

*Conclusion*

LeVaughn is entitled to judgment as a matter of law on Count 7 due to his absolute immunity under Illinois law as a witness. Fonseca has additionally been unable to present any material at summary judgment that a reasonable jury could use to find LeVaughn part of a civil conspiracy (Count 9). As those are the only remaining claims against LeVaughn, the Court GRANTS LeVaughn's motion for summary judgment (Doc. 111) and DIRECTS the Clerk of Court to enter judgment for LeVaughn against Fonseca on all claims.

IT IS SO ORDERED.

DATED this 10th day of September, 2009.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge