UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNULFO FONSECA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 08-435-CJP |
| ) | |
| CHARLES DAVID NELSON, Individually, and ) | |
| KEITH BROWN, Individually, ) | |
| and in his capacity as Sheriff of Saline County, ) | |
| KEN CLORE, MARK LEVAUGHN, RANDY ) | |
| BUTLER, MIKE JONES, TODD FORT, STEVE ) | |
| SLOAN, MONA NELSON, All Individually, ) | |
| SALINE COUNTY, SHERIFF'S OFFICE OF ) | |
| SALINE COUNTY, STATE'S ATTORNEY'S ) | |
| OFFICE OF SALINE COUNTY, ) | |

**PLAINTIFF'S MOTION TO RECONSIDER
THE COURT'S MEMORANDUM AND ORDER OF SEPTEMBER 10, 2009**

Comes now Plaintiff, ARNULFO FONSECA, by and through his attorneys, MORGAN SCROGGINS and JOHN P. CRANLEY, and for his motion to reconsider, states as follows:

1. On or about September 10, 2009, this Court entered an order granting summary judgment in favor of Defendant Mark LeVaughn. (Doc 182) Plaintiff requests that this Court reconsider said Order.

2. Plaintiff asserts that the prior Judge denied a Motion to Continue by Plaintiff without considering the merits of same so as not to disrupt the Court's calendar. (See Doc 133)

3. Plaintiff asserts that he was improperly denied his right to amend the complaint to address the deficiencies of his complaint against Mark LeVaughn pointed out by this Court in its Order dismissing certain causes of action entered a mere two days prior to the due dates for the filing of summary judgment motions. (Docs 110, 156, & 162)

4. In the Order Plaintiff is moving to be reconsidered (Doc 182), the Court erred in:

a) not ruling on and granting Plaintiff's objection to summary judgment (Doc 137, Page 1) because the Defendant LeVaughn attached a document that was never produced during discovery, meaning Plaintiff had never before seen the document, and Plaintiff filed an Affidavit Pursuant to F.R.C.P 56(f) (Doc 137-2);

b) not ruling on Plaintiff's motion for leave to amend in the event the Court determined that the Complaints as alleged only included testimonial acts and not evidentiary acts (Doc 137, Page 2). Further, Plaintiff has never been given a fair opportunity to amend by this Court because it did not file its Order dismissing complaints against LeVaughn until two days prior to motions for summary judgment and because of its strict adherence to its schedule without further consideration of delays created by the Defendants;

c) the Court held that Plaintiff's complaint against LeVaughn is based solely on LeVaughn's trial testimony, and this is inaccurate. Plaintiff asserts a fabrication of evidence by LeVaughn in his complaint. Plaintiff's original complaint included the following language that the Court ordered stricken when writing the Fourth Amended Complaint:

> Defendant Mark LeVaughn, as state's medical examiner, fabricated evidence and twisted it in such a way so as to indicate that Plaintiff acted in a way inconsistent with actual evidence. (Claim 3, Paragraph 32)

This language shows that there was not surprise to the Defendant and Plaintiff should be allowed to carry this language through to all complaints against Defendant LeVaughn; and

d) the Court mistakenly applied the wrong standard of law regarding the communication of the conspiracy by claiming that Plaintiff must provide evidence of the actual agreement to conspire. Said agreement may be inferred by the actions of the defendants in this case: "A conspiracy is rarely susceptible to direct proof; instead, it is established from

circumstantial evidence and inferences drawn from the evidence, coupled with commonsense knowledge of the behavior of persons in similar circumstances." *Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54, 645 N.E.2d 888, 895, 206 Ill.Dec. 636 (1994). LeVaughn met with other defendants and communicated with them via telephone. (Doc 137, Page 5) A report was generated that did not include beating as a cause of death. (Doc 137, Exhibit Q) This report was provided to the State. (Doc 137, Exhibit DD) The report was then modified. (Doc 137, Exhibit K, CC) Plaintiff has proven communications and acts that a reasonable person may infer show a conspiracy to fabricate evidence. Further, Plaintiff has produced evidence that these reports (Doc 137, Exhibits K, CC, & DD) were false. (Doc 137, Exhibit S)

The evidence, if taken in the light most favorable to the resisting party, shows that Ms. Miller died from a fall, not a beating. If a jury makes that conclusion as summary judgment rules require this Court to assume, other than conspiracy to convict Plaintiff, what reason did LeVaughn have for changing his initial report as communicated to the other defendants to the cause of death was a beating? The answer cannot be that it was because there was a beating, because the jury would have already concluded Plaintiff died from a fall. The only reasonable answer left is that LeVaughn conspired with the rest of the defendants to convict an innocent man. That is all that is necessary for Plaintiff's case, but LeVaughn also actually undertook an act in furtherance of the conspiracy when modifying his original report.

Wherefore Plaintiff prays that this Court vacate its Order of September 10, 2009 and allow Plaintiff to amend his complaint as necessary and as requested, rule on the objection, and issue an order in compliance with *Adcock*, and for such other relief as the Court deems just and equitable

ARNULFO FONSECA,

Dated:  October 22, 2009            BY:_____/s/ John P. Cranley_____
                                    JOHN P. CRANLEY, No. 6205652
                                    Attorney for Plaintiff
                                    #2 Butternut Lane at Highway 157
                                    Glen Carbon, Illinois 62034
                                    (618) 288-7788
                                    (618) 288-7789 (FAX)

                                    BY:    /s/ Morgan Scroggins  (with consent)_
                                    Morgan Scroggins, No. 6202541
                                    1506 Johnson Road Suite 200
                                    Granite City, Illinois, 62040
                                    (618) 876-5300

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system, and pursuant to FRCP Rule 5, upon the following: Joseph A. Bleyer, Esq., BLEYER AND BLEYER, 601 West Jackson Street, P.O. Box 487, Marion, IL  62959; Karen L. McNaught, Esq., Assistant Attorney General, 500 South Second Street, Springfield, IL  62706; and via regular mail to:  Thomas F. Crosby, Esq., WINTERS, BREWSTER, CROSBY AND SCHAFER, LLC, 111 West Main, P.O. Box 700, Marion, IL  62959.

.                                   _____/s/ John P. Cranley_____