IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARNULFO FONSECA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-435-CJP** |
| | ) |
| **CHARLES DAVID NELSON, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Reconsider the Court's Memorandum and Order of September 10, 2009.  **(Doc. 197)**.

Plaintiff asks the Court to reconsider the order granting defendant Mark LeVaughn's motion for summary judgment, entered on September 10, 2009, and docketed at **Doc. 182.** That order was entered by District Judge Reagan, and it disposed of all claims against LeVaughn.  Thereafter, the remaining parties consented to final disposition by the undersigned.

Judge Reagan's order granted summary judgment in favor of LeVaughn on the last two claims pending against him, i.e., that he intentionally inflicted emotional distress by fabricating testimony at plaintiff's murder trial regarding Ashleigh Miller's cause of death, and that he conspired with others to convict plaintiff of charges that were "unsupported by the evidence." On the intentional infliction of emotional distress claim, Judge Reagan concluded that LeVaughn was entitled to absolute immunity because the claim was based solely on his in-court testimony. On the civil conspiracy claim, Judge Reagan found that plaintiff had not presented any evidence at the summary judgment stage to demonstrate an agreement, which is a necessary element of the conspiracy claim.

Plaintiff now asks the Court to reconsider Judge Reagan's order because, according to plaintiff, Judge Reagan misread the evidence as to the emotional distress claim and applied the wrong legal standard regarding the necessity of proving an agreement as part of a conspiracy claim.

The reassignment of this case to a different judge does not present an open-ended opportunity for the parties to revisit decisions that have already been made.  In fact, the rule is quite the opposite; the "law of the case" doctrine creates a presumption that "earlier rulings will stand."  **Best v. Shell Oil Co., 107 F.3d 544, 546 (7th Cir.1997)**.  This doctrine "reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one."  **Mendenhall v. Mueller Streamline Co., 419 F.3d 686, 691 (7th Cir. 2005)(internal citation omitted).**  Thus, reconsideration of a previous ruling is authorized only "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous."  **Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571-572 (7th Cir. 2006).**  Conversely, a judge is not free to reconsider a prior judge's decision "merely because he has a different view of the law or the facts from the first judge."  **Best, 107 F.3d at 546 (internal citation omitted).**

Plaintiff points to no compelling reason for reconsideration of Judge Reagan's previous order.  He has not presented any change in the law or any clarification of the law that makes it clear that Judge Reagan's ruling was in error.

For the foregoing reasons, Plaintiff's Motion to Reconsider the Court's Memorandum and Order of September 10, 2009 **(Doc. 197)** is **DENIED.**

**IT IS SO ORDERED.**

DATE:  March 16, 2010.

                                        s/ Clifford J. Proud
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**

Case 3:08-cv-00435-CJP   Document 215   Filed 03/16/10   Page 3 of 3   Page ID #1918

3