IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARNULFO FONSECA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **08-435-CJP** |
| ) | |
| **CHARLES DAVID NELSON, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is Defendants' Motion for Summary Judgment. (**Doc. 117**). The motion is filed on behalf of defendants Keith Brown, Ken Clore, Randy Butler, Mike Jones, Todd Fort, Steve Sloan, Mona Nelson, Saline County, Sheriff's Office of Saline County, and the State's Attorney's Office of Saline County. Defendants Brad Neal and David Blazier also joined in the motion, but they, along with the Village of Carrier Mills, were dismissed on plaintiff's motion on June 26, 2009. **See, Doc. 148**. Thus, the motion for summary judgment is brought on behalf of all remaining defendants in this case, with the exception of defendant Charles David Nelson.

Plaintiff filed a response to the motion at **Doc. 136.** Defendants then filed a reply at **Doc. 151.**

### Nature of Plaintiff's Claim

The Court first notes that the operative complaint is the Fourth Amended Complaint, **Doc. 163**. The Fourth Amended Complaint was filed in response to Judge Reagan's orders directing same as a matter of housekeeping. **See, Docs. 156, 158, and 162.** It was clearly the

intention of Judge Reagan and of the parties that the previously-filed dispositive motions, including this one, be construed as referring to the complaint as amended.  **See, Doc. 129.**

Plaintiff Arnulfo Fonseca's long-time girlfriend, Ashleigh Miller, was injured on May 28, 2007.  She died as a result of those injuries on June 6, 2007. According to Fourth Amended Complaint, Miller suffered the injuries when "she fell out of the car he was driving."  **Doc. 163, ¶18.**  On June 4, 2007, Fonseca was charged with aggravated DUI, aggravated driving with a revoked license, obstructing justice, and failing to report a personal injury accident.  He was released on bond.  **Doc. 163, ¶19**.

On June 13, 2007, Fonseca was charged with two counts of first-degree murder arising out of Ms. Miller's death.  Fonseca turned himself into Randy Butler, "the arresting officer for the Saline County Sheriff's Department, pursuant to an arrest warrant" that had been signed by Judge Walden E. Morris.  **Doc. 163, ¶¶20-21.**

Judge Morris conducted a preliminary hearing on July 5, 2007, and determined that there was probable cause to proceed on two counts of first-degree murder.  **Doc. 163, ¶24.**  Bond was set at one million dollars.  Plaintiff was unable to make bond, and remained in jail until trial.  **Doc. 163, ¶27.**  On April 8, 2008, a jury found him not guilty on both murder counts.  **Doc. 163, ¶26.**

The Fourth Amended Complaint consists of 11 counts.  In Counts 1 through 5, plaintiff sues under 42 U.S.C. §1983 for various violations of his rights under the United States Constitution.  Counts 6 through 11 allege only state law claims.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 563 (7th Cir. 2009), *citing* Fed. R. Civ. P. 56(c). *Accord, Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff). *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in *his* favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St.Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009).

Stated another way, to counter a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in his pleadings; more substantial evidence must be

presented. And a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 247 (1986)**, or "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986)**. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, **477 U.S. at 252.**

## Analysis

Count 1 is for violation of plaintiff's Fourth Amendment rights by false arrest and imprisonment. This claim is directed to all of the moving defendants except for Mona Nelson. Plaintiff alleges in this count that defendants "took steps" to arrest him and keep him incarcerated awaiting trial "without justification." He alleges that there was a lack of probable cause for his arrest because "no reasonable person could have looked at the evidence available" and concluded that there was probable cause to support the charge of first-degree murder. He further alleges that he would not have been subjected to such a high bond had the defendants not charged him with such a serious crime. **Doc. 163, ¶¶ 28-30.**

It must first be noted that Section 1983 is not the source of any substantive rights; rather, the statute provides a vehicle for "vindicating federal rights elsewhere conferred." *Albright v. Oliver*, **114 S. Ct. 807, 811 (1994)**. Thus, for plaintiff to maintain an action under Section 1983, he must establish that some constitutional right has been infringed by defendants. *Ibid.*

The Seventh Circuit "has consistently held that the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting

4

the plaintiff." *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985).  See also, *Schertz v. Waupaca County*, 875 F.2d 578 (7th Cir. 1989).

This is *not* a case of a warrantless arrest.  Plaintiff was arrested pursuant to a warrant issued by Judge Morris.  **Doc. 163, ¶21.**  A "plaintiff generally cannot base a Fourth Amendment claim on an arrest made pursuant to a valid warrant."  *Whitlock v. Brown*, **2010 WL624307, *3 (7th Cir. February 24, 2010).**

Plaintiff has not made an argument that the arrest warrant was invalid on its face.  Rather, he argues that there was no probable cause for its issuance.  However, the validity of the warrant and of the information relied upon to issue the warrant are presumed.  *Whitlock, id.*.  The presumption of validity can be overcome by a showing that a defendant "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determinations that probable cause existed for the arrests."  *Beauchamp v. City of Noblesville, Ind.*, **320 F.3d 733, 742 (7th Cir. 2003).**  Plaintiff has not even attempted to make such a showing here.

Fonseca's response to the motion for summary judgment is devoid of any evidence to overcome the presumption of the validity of the warrant, and his Fourth Amendment claim therefore fails.  Plaintiff's only argument is that the lack of probable cause "is apparent from the later preliminary hearing which contains no evidence of [sic] that Ashleigh Miller was ever struck, much less that Plaintiff struck her."  **Doc. 136, pp. 2-3.**  The warrant was issued by Judge Morris on June 13, 2007, and the preliminary hearing did not take place until July 5, 2007.  **See, Doc.. 163, ¶¶ 21 & 24**.  Obviously, an argument about evidence presented at a later preliminary hearing does nothing to overcome the presumption of the validity of the warrant.

Counts 2, 3, 4 and 5 all allege violation of Fonseca's Fourteenth Amendment Due Process rights.

In Count 2, Fonseca alleges a due process violation "akin to malicious prosecution" based on his claim that there was no probable cause to prosecute him for first-degree murder. He cannot pursue a malicious prosecution claim under the due process clause. The due process clause "does not support a constitutional tort of malicious prosecution if state law provides a parallel remedy." *Johnson v. Saville*, **575 F.3d 656, 663 (7th Cir. 2009)**, citing *Newsome v. McCabe*, **256 F.3d 747, 751 (7th Cir. 2001)**. See also, *Avila v. Pappas*, **591 F.3d 552, 553-554 (7th Cir. 2010); *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009)**("Seventh Circuit precedent does not permit an action for malicious prosecution under §1983 if a state remedy exists."). Illinois law provides a remedy for malicious prosecution. *Swick v. Liautaud*, **662 N.E.2d 1238, 1242 (1996)**. Therefore, plaintiff's claim for malicious prosecution cannot be pursued under Section 1983 as it does not state a constitutional violation.

For similar reasons, defendants are entitled to summary judgment on Count 4, which again relates to the alleged lack of probable cause. Plaintiff argues that Count 4 is "essentially a claim against the State of Illinois through one of its constitutional officers [the State's Attorney.]" According to plaintiff, the basis of this claim is that "determining probable cause without the use of a grand jury is completely inadequate to ensure his United States Constitutional rights" protecting him from arrest and trial without probable cause. **Doc. 136, pp. 7-8.**

First, the due process clause does not protect a "right to be free of prosecution without probable cause." *Albright v. Oliver*, **114 S. Ct. 807, 812 (1994)**. "The Fourteenth Amendment

does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.'" ***Baker v. McCollan*, 99 S. Ct. 2689, at 2695 (1979)**.

To the extent that plaintiff is asserting a right not to be arrested or prosecuted without probable cause, Count 4 advances the same claim as Counts 1 and 2, and defendants are entitled to summary judgment for the reasons set forth above. Further, the Fifth Amendment requirement of grand jury indictment does not extend to the states. ***Albright,* 114 S. Ct. at 812.** To the extent that Count 4 is based on the lack of a grand jury procedure in Illinois, it does not set forth a violation of any provision of the United States Constitution.

In Count 3, plaintiff alleges that his Fourteenth Amendment due process rights were violated by "fabrication [of evidence] and influence." The only allegation as to Mona Nelson is that she sat at the prosecutor's table and cried during the testimony of the victim's mother. Ken Clore and Mike Jones allegedly attempted to convince various witnesses to give false testimony at trial, and actually procured the false testimony of a jailhouse snitch.

Defendants argue Fonseca cannot pursue a due process claim here because he was acquitted of the charges. Plaintiff makes no response to this argument, except to again state that various defendants participated in fabricating evidence. **Doc. 136, p. 7**. This is completely inadequate to stave off summary judgment.

This Court agrees that plaintiff cannot maintain a due process claim based on the use of false testimony where he was acquitted of the criminal charges. Substantive due process protects from violations of fundamental rights only. Where the accused has been acquitted, he has not suffered the violation of a fundamental right. ***Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir.**

**2010), citing** *Albright v. Oliver*, **114 S. Ct. 807, 812 (1994)**. Further, there is no procedural due process claim because "[t]he right to defend oneself in the state prosecution, and to advance a tort claim in state court, is all the process due for an unsupported or maliciously pursued criminal charge." *Avila*, **591 F.3d at 554.**

Lastly, defendants are entitled to judgment on plaintiff's claim in Count 5 that his right to travel was violated because Judge Morris set a high bond. In his response, plaintiff admits that the claim attempted to be set forth in Count 5 is "essentially covered by Claims 1- 4." **Doc. 136, p. 8.** Defendants are entitled to judgment on Count 5 for the reasons discussed above regarding Counts 1 through 4. Further, the amount of the bond was set by the judge, and not by any of the defendants.

This Court has concluded that all of the moving defendants are entitled to summary judgment on plaintiff's federal claims, Counts 1 through 5. The Court will not rule on defendants' motion for summary judgment as to plaintiff's state court claims, set forth in Counts 6 through 11. The only remaining claims as to the moving defendants and as to defendant Nelson are state law claims. This Court declines to exercise supplemental jurisdiction over Fonseca's remaining state law claims. **28 U.S.C. §1367(c)(3). See,** *United Mine Workers v. Gibbs,* **86 S.Ct. 1130, 1139 (1966);** *Avila v. Pappas*, **591 F.3d 552, 553 (7th Cir. 2010).**

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment **(Doc. 117)** is **GRANTED** as to all defendants on Counts 1, 2, 3, 4 and 5. The Clerk of Court is directed to enter judgment on those Counts in favor of defendants Keith Brown, Ken Clore, Randy Butler, Mike Jones, Todd Fort, Steve Sloan, Mona Nelson, Saline County, Sheriff's Office of Saline

County, and the State's Attorney's Office of Saline County.

The Court makes no ruling on Defendants' Motion for Summary Judgment (**Doc. 117**) as to Counts 6, 7, 8, 9, 10, or 11. Rather, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.  Accordingly, Counts 6, 7, 8, 9, 10 and 11 are ordered dismissed without prejudice for lack of jurisdiction.  Thus, the Court also declines to rule on defendant Nelson's Motion for Summary Judgment, **Doc. 114**, which involves only state law claims.

The Clerk of Court is directed to enter final judgment in accordance herewith.

**IT IS SO ORDERED.**

**DATE:  March 16, 2010.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**