IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARNULFO FONSECA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **08-435-CJP** |
| **CHARLES DAVID NELSON,** **KEITH BROWN, KEN CLORE,** **RANDY BUTLER, MIKE JONES,** **TODD FORT, STEVE SLOAN,** **SALINE COUNTY, SHERIFF'S OFFICE** of **SALINE COUNTY, and** **STATE'S ATTORNEY'S OFFICE** of **SALINE COUNTY,** | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Nelson's Bill of Costs. **(Doc. 218)**. Plaintiff filed a response at **Doc. 219**, to which defendant replied at **Doc. 220.**

Defendant seeks a total of $2,195.10. All but $40.00 of that amount represents the costs of deposition transcripts, which are allowable. 28 U.S.C. §1920(2).

Plaintiff does not take issue with any of the items for which defendant is seeking costs. Rather, he suggests that costs should not be taxed against him at all because he has "very limited financial resources," and because he brought suit in good faith.

Fed.R.Civ.P. 54(d) provides that "costs - other than attorney's fees - should be allowed to the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Plaintiff has not overcome that presumption here.

The fact that plaintiff was proceeding in good faith does not mean that defendant should not be awarded costs. Costs are awarded to the prevailing party as a matter of course, and the

1

award of costs does not imply that the losing party was acting in bad faith.  "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined - the court must award costs unless it states good reasons for denying them."  ***Weeks v. Samsung Heavy Industries Co., Ltd.***, **126 F.3d 926, 945 (7th Cir. 1997)**.  In general, costs will be denied only where the prevailing party was guilty of misconduct, or the losing party is unable to pay.  ***Ibid***.

There is no suggestion of any misconduct by defendant in the course of this litigation.  Plaintiff's response states that he has very limited resources and has difficulty meeting his obligations.  However, simply asserting that plaintiff has limited financial resources is not sufficient.  In order to overcome the presumption that the prevailing party is entitled to costs, the losing party has to provide evidence of "inability to pay."  ***Corder v. Lucent Technologies Inc*.**, **162 F.3d 924, 929 (7th Cir. 1998).**  While Fonseca has argued that it will be difficult for him to pay defendant's costs, there is no evidence in the record that Fonseca is unable to do so now or at some time in the future.  **See,** *McGill v. Faulkner*, **18 F.3d 456 (7th Cir. 1994)**.

For the foregoing reasons, defendant Nelson's Bill of Costs **(Doc. 218)** is **GRANTED**.  Costs are assessed against plaintiff Fonseca and in favor of defendant Nelson in the amount of $2,195.10.

    **IT IS SO ORDERED.**

    **DATE:  April 12, 2010.**


                                                                        **s/ Clifford J. Proud**
                                                                        **CLIFFORD J. PROUD**
                                                                        **UNITED STATES MAGISTRATE JUDGE**