IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARNULFO FONSECA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **08-435-CJP** |
| | ) |
| **CHARLES DAVID NELSON,** | ) |
| **KEITH BROWN, KEN CLORE,** | ) |
| **RANDY BUTLER, MIKE JONES,** | ) |
| **TODD FORT, STEVE SLOAN,** | ) |
| **SALINE COUNTY, SHERIFF'S OFFICE** | ) |
| of **SALINE COUNTY,** and | ) |
| **STATE'S ATTORNEY'S OFFICE** | ) |
| of **SALINE COUNTY,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are Bills of Costs by defendant LeVaughn **(Doc. 122)** and by the "Saline County defendants, " Keith Brown, Randy Butler, Ken Clore, Todd Fort, Mike Jones, Brad Neal, Mona Nelson, Saline County, Sheriff's Office of Saline County, Steve Sloan and State's Attorney's Office of Saline County **(Doc. 225)**. Plaintiff filed objections at **Docs. 224** and **227**.

LeVaughn seeks a total of $1,299.58. The Saline County defendants seek a total of $1,112.92. All of these amounts represent the costs of deposition transcripts and expenses associated with attending depositions, which are allowable. 28 U.S.C. §1920(2).

Plaintiff does not take issue with any of the items for which defendants are seeking costs. Rather, he suggests that costs should not be taxed against him at all because he has "very limited financial resources," and because he brought suit in good faith. The Court previously overruled these objections when they were raised in response to defendant Nelson's Bill of Costs. **See, Doc. 221.**

Fed.R.Civ.P. 54(d) provides that "costs - other than attorney's fees - should be allowed to the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago,* **218 F.3d 816, 824 (7th Cir. 2000)**. Plaintiff has not overcome that presumption here.

The fact that plaintiff was proceeding in good faith does not mean that defendants should not be awarded costs. Costs are awarded to the prevailing party as a matter of course, and the award of costs does not imply that the losing party was acting in bad faith. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined - the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, **126 F.3d 926, 945 (7th Cir. 1997)**. In general, costs will be denied only where the prevailing party was guilty of misconduct, or the losing party is unable to pay. *Ibid*.

There has been no showing of any misconduct by defendants in the course of this litigation. Plaintiff states that he has very limited resources and has difficulty meeting his obligations. However, simply asserting that plaintiff has limited financial resources is not sufficient. In order to overcome the presumption that the prevailing party is entitled to costs, the losing party has to provide evidence of "inability to pay." *Corder v. Lucent Technologies Inc.*, **162 F.3d 924, 929 (7th Cir. 1998).** While Fonseca has argued that it will be difficult for him to pay costs, there is no evidence in the record that Fonseca is unable to do so now or at some time in the future. **See,** *McGill v. Faulkner*, **18 F.3d 456 (7th Cir. 1994)**.

For the foregoing reasons, the Court **GRANTS** defendant LeVaughn's Bill of Costs **(Doc. 222)** and the Saline County Defendants' Bill of Costs **(Doc. 225)** as follows:

1. Costs are assessed against plaintiff Fonseca and in favor of defendant LeVaughn in the amount of **$1,299.58**.
2. Costs are assessed against plaintiff Fonseca and in favor of defendant Keith

2

Brown, Randy Butler, Ken Clore, Todd Fort, Mike Jones, Brad Neal, Mona Nelson, Saline County, Sheriff's Office of Saline County, Steve Sloan and State's Attorney's Office of Saline County in the amount of **$1,112.92**.

**IT IS SO ORDERED.**

**DATE:  August 12, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
